FILED
JUL 3 0 2009
SUPERIOR COURT
CLERK'S OFFICE

STERN, LAVINTHAL, FRANKENBERG & NORGAARD, LLC
293 Eisenhower Parkway - Suite 300
Livingston, NJ 07039
(973) 740-0700
200906133
Attorneys for Plaintiff

| | |
|---|---|
| BAC HOME LOANS SERVICING, L.P. f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P. | SUPERIOR COURT OF NEW JERSEY Gloucester County CHANCERY DIVISION |
| Plaintiff | Docket No: 40229-09 Civil Action |
| Vs. | COMPLAINT IN FORECLOSURE |
| CARL A. D'ARGENZIO; BARBARA A. D'ARGENZIO, HIS WIFE; SUSAN PETERS; KENNEDY HEALTH SYSTEM, ASF and UNKNOWN TENANTS/OCCUPANTS 1-5 | |
| Defendants | |

BAC HOME LOANS SERVICING, L.P. f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P., with an office at 7105 Corporate Drive, PTX-B-346, PLANO,TX,75024, the plaintiff in the above entitled cause, says:

**FIRST COUNT**

1. On the date set forth in 1-a following, the obligor(s) named in 1-b following, in the sum set forth in 1-d following executed to said obligee so named in 1-c following, an obligation, bond/note, dated the date set forth in 1-a following, to secure the sum set forth in 1-d following, payable on the date set forth in 1-f following, with interest at the rate per annum set forth in 1-e following, payable as set forth in 1-g following:

   1-a. Date: November 6, 2007

   1-b. Obligor(s): CARL A. D'ARGENZIO and BARBARA A. D'ARGENZIO, HIS WIFE

1

1-c. Obligee: COUNTRYWIDE BANK, FSB

1-d. Amount of Obligation: $229,500.00

1-e. Per annum interest rate: 12.500%

1-f. Due date of Obligation: December 1, 2047

1-g. Manner of payment of Obligation: By the payment of the initial sum of $2,407.27 per month in equal monthly installments for interest and principal commencing on 1/1/2008 and continuing on the first day of each month thereafter, with a final installment of all accrued and unpaid interest and any unpaid principal on or before **12/1/2047**.

1-h. The note and mortgage do not contain a pre-payment penalty clause.

2. To secure the payment of the aforesaid obligation, the obligor(s), named in paragraph 1-b above, executed to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB, (hereinafter, Mortgagee), mortgage of even date with said obligation, and thereby conveyed to the Mortgagee in fee the land hereinafter described, on the express condition that such conveyance should be void if payment should be made at the time and times, and in the manner described in said obligation. Said mortgage was duly recorded on the date set forth in 2-a following, in the County Office set forth in 2-b following, and in the County Mortgage Book set forth in 2-c following:

2-a. Date mortgage was recorded: December 26, 2007

2-b. County Office where mortgage was recorded: Clerk/Register of ~~Camden~~ Gloucester County.

2-c. Mortgage Amount: $229,500.00 .

2-d. Mortgage Book MB 11027, Page 267 .

2-e. On July 30, 2009 said obligation and mortgage were assigned to BAC HOME LOANS SERVICING, L.P. f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P. by written assignment to be recorded.

2

3. The mortgaged premises are described as follows:

See Schedule "A" annexed hereto and made a part hereof. The metes and Bounds description is form the mortgage that is the subject of this foreclosure.

3-a. The Note and Mortgage are currently owned by the Plaintiff.

3-b. This is not a First Purchase Money Mortgage.

4. The obligation aforesaid contained an agreement that if any installment payment of interest and principal, taxes and insurance premiums should remain unpaid for thirty (30) days after the same shall fall due, the whole principal sum, with all unpaid interest and late charges, if any, should at the option of the above named mortgagee or its heirs, executors, administrators, representatives or assigns, become immediately due and payable.

5. The following instruments appear of record which affect or may affect the premises described in paragraph 3 above, all of which instruments are subordinate to the lien of the mortgage set forth in paragraph 2 above:

a) On January 15, 1993 a Child Support Judgment was entered in the Superior Court of New Jersey (No. J-133232-1993) (CS No. CS50145252B) in favor of SUSAN PETERS and against CARL A. DARGENZIO in the sum of amount not specified. The above referenced judgment is joined for any outstanding balance that may have accrued since the date of the Mortgage 11/6/2007 to present. SUSAN PETERS is made a party defendant by virtue thereof.

b) On September 8, 2008 a judgment was entered in the Superior Court of New Jersey (No. DJ-210452-2008 ) in favor of KENNEDY HEALTH SYSTEM, ASF and against CARL DARGENZIO in the sum of $1,327.08, plus costs. There is a credit of $877.80 against the above total.. KENNEDY HEALTH SYSTEM, ASF is made a party defendant by virtue thereof.

3

c) UNKNOWN TENANTS/OCCUPANTS 1-5 is made a party defendant hereto as he/she occupies (a portion of) the mortgaged premises described in paragraph 3 of the First Count and for any right, title or interest claimed by him/her with respect to the said premises by virtue of his/her occupancy of a portion thereof. However, no possession is hereby sought against any tenant protected by the provisions of the New Jersey Anti-Eviction Statute (N.J.S.A. 2A:18-61.1 seq.). UNKNOWN TENANTS/OCCUPANTS 1-5 is made a party defendant by virtue thereof.

6. Pursuant to the terms of the obligation referred to in paragraph 1 above (the terms of which are incorporated in the mortgage referred to in paragraph 2 above), the obligee named in said obligation reserved the right to pay taxes or other liens affecting the premises herein described, which liens are superior to the lien of the mortgage referred to in paragraph 2 above and which liens, when paid by the obligee or assignee, together with interest thereon as provided in said obligation and mortgage, are to be added to the amount due on the obligation and mortgage. The obligee may be required to pay such liens and/or insurance and necessary expenses to preserve the security during the pendency of this action and will demand that such payments so made by said obligee or assignee together with interest be added to the mortgage debt as aforesaid and secured by the Plaintiff's mortgage.

6-a. Said note and mortgage further provide that the Obligee may collect a late charge not to exceed 5% for each dollar of each payment more than 15 days in arrears to cover an extra charge in handling delinquent payments.

7. By the terms of the obligation and mortgage referred to in paragraphs 1 and 2 above, an installment payment of principal and interest, taxes and insurance became due on 10/1/2008. Said installment payment and all subsequent monthly installment payments have not been paid. The defendants named in paragraph 1-b above, or the grantee or grantees, if any, of said

4

defendants, are in default having failed, refused or neglected to make said payments to the plaintiff herein as required. Plaintiff herein, by reason of said default elected that the whole unpaid principal sum due on the aforesaid obligation and mortgage referred to in paragraphs 1 and 2 above with all unpaid interest and advances made thereon shall now be due.

7-a. The date of default is 10/1/2008.

8. Any interest or lien on the premises described in paragraph 3 above which the mortgagors named in paragraph 2 above or the grantees of said mortgagors, or which subsequent encumbrances or lien holders, if any, named in paragraph 5 above, who are the defendants herein have or claim to have in or upon the aforesaid mortgaged premises or some part thereof are subject and subordinate to the lien of the mortgage set forth in paragraph 2 above, which mortgage is held by the plaintiff herein.

9. At least 30 days prior to filing the Complaint, plaintiff complied with the notice requirement of Section 4 of the New Jersey Fair Foreclosure Act.

**WHEREFORE**, the plaintiff demands judgment:

(a) Fixing the amount due on the mortgage referred to in paragraph 2 above;

(b) Barring and foreclosing the defendants and each of them of all equity of redemption in and to the aforesaid lands;

(c) Directing that plaintiff be paid the amount due to plaintiff as provided in the mortgage set forth in paragraph 2 above, together with interest and costs;

(d) Adjudging that the lands described in paragraph 3 above be sold according to law to satisfy the amount due to plaintiff on the mortgage set forth in paragraph 2 above;

(e) Appointing a receiver of the rents, issues and profits of the lands described in paragraph 3 above.

## SECOND COUNT

1. By the terms of the obligation and mortgage referred to in paragraphs 1 and 2 of the First Count of this Complaint, the plaintiff herein is entitled to possession of the tract of land with the appurtenances as more particularly described in paragraph 3 of the First Count herein.

2. On the date set forth in 2-a following, the plaintiff, by the terms of the obligation and mortgage aforesaid, became entitled to possession of the premises described in paragraph 3 of the First Count of this Complaint.

2-a. Default Date: 10/1/2008

3. The defendants named in paragraph 1-b, paragraph 2 and paragraph 5 of the First Count of this Complaint have or may claim to have certain rights in the premises described in paragraph 3 of the First Count of this Complaint and by reason thereof have since the date set forth in paragraph 2-a above deprived the plaintiff herein of the possession of the premises aforesaid.

*WHEREFORE*, the plaintiff demands judgment against the defendants or anyone holding possession under them on behalf of itself as well as the successful purchaser at the foreclosure sale:

(a) For possession of said premises.

(b) For damages for mesne profits.

(c) For costs.

STERN, LAVINTHAL, FRANKENBERG & NORGAARD, LLC

BY: _____
Jeanette Frankenberg, Esq.
Attorneys for Plaintiff

DATED: July 30, 2009

6

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other Court proceeding or arbitration and that to the best of our knowledge and belief, no other parties need be joined at this time, and that no other proceedings are contemplated.

_____
Jeanette Frankenberg, Esq.

DATED: July 30, 2009

## CERTIFICATION

I, THE UNDERSIGNED, Am an Attorney at Law of New Jersey with the Law Firm of Stern, Lavinthal, Frankenberg & Norgaard, LLC, attorneys for the Plaintiff in the within action, and the person actually entrusted with the conduct and management of the case. I aver that prior to the filing of this mortgage foreclosure complaint, I have received and reviewed a title search of the public record for the purpose of identifying any lienholder or other persons and entities with an interest in the property that is subject to the within foreclosure.

The effective date of the title search is 7/9/2009

I certify that the foregoing statement made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Jeanette Frankenberg, Esq.

DATED: July 30, 2009

**Unless you notify us in writing within thirty (30) days after receipt of this letter that the debt, or any part of it, is disputed, we will assume that the debt is valid. If you do notify us in writing within thirty (30) days after receipt of this letter that you dispute the debt or any part of it, we will obtain verification of the debt and mail it to you. Also upon your written request within thirty (30) days after receipt of this letter, we will provide you with the name and address of the original creditor if different from the current creditor. This letter is an attempt to collect a debt and any information obtained will be used for that purpose.**

## SCHEDULE "A"

ALL THAT CERTAIN tract or parcel of land and premises situate, lying and being in the TOWNSHIP OF WASHINGTON, COUNTY OF Gloucester and STATE OF NEW JERSEY, being more particularly described as follows:

BEGINNING AT AN IRON PIN SET IN THE SOUTHWESTERLY LINE OF SALEM AVENUE (50 FEET WIDE, FORMERLY KNOWN AS CENTRAL AVENUE), SAID POINT BEING IN THE DIVISION LINE OF LOTS 6 AND 7.01 IN BLOCK 221, ON THE TOWNSHIP OF WASHINGTON TAX MAPS; SAID POINT ALSO BEING SOUTH 45 DEGREES 13 MINUTES EAST A DISTANCE OF 125 FEET FROM THE POINT OF INTERSECTION OF SAID SOUTHWESTERLY LINE WITH THE SOUTHEASTERLY LINE OF WILSON ROAD (33 FEET WIDE, FORMERLY KNOWN AS ANGEL MILL ROAD), AND RUNNING; THENCE

(1) ALONG THE SOUTHWESTERLY LINE OF SALEM AVENUE, SOUTH 45 DEGREES 13 MINUTES EAST A DISTANCE OF 100.00 FEET TO AN IRON PIPE FOUND IN THE DIVISION LINE OF LOTS 4 AND 5, THENCE

(2) ALONG THE DIVISION LINE, SOUTH 44 DEGREES 47 MINUTES A DISTANCE OF 125.00 FEET TO A CONCRETE MONUMENT FOUND; THENCE

(3) ALONG THE DIVISION LINE OF LOTS 7.04 AND 5, AND 7.04 AND 7.01, NORTH 45 DEGREES 13 MINUTES WEST A DISTANCE OF 100 FEET TO A POINT IN THE DIVISION LINE OF LOTS 7.01 AND 7.02; THENCE

(4) ALONG SAID DIVISION LINE, AND ALSO ALONG THE AFORESAID DIVISION LINE OF LOTS 6 AND 7.01, NORTH 44 DEGREES 47 MINUTES EAST A DISTANCE OF 125.00 FEET TO THE POINT AND PLACE OF BEGINNING.

BEING ALSO KNOWN AS LOTS 11, 13, 15 AND 17, IN BLOCK 3, ON PLAN OF GLENSIDE LAKE, DATED 1925, PREPARED BY EDWARD A. BRENTON, C.E., COLLINGSWOOD, NJ.

Known and designated as Block 221 Lot 7.01 on the Official Tax Map of the TOWNSHIP OF WASHINGTON, Gloucester COUNTY, NEW JERSEY

Commonly known as 105 SALEM AVENUE, BLACKWOOD (WASHINGTON), NEW JERSEY 08012

State of Texas, County of Collin SS.:

Be it Remembered, that on 30 Jul 2009, before me, the subscriber, personally appeared Ken Satsky-Assist. Vice President who, being by me duly sworn on his/her oath, deposes and makes proof to my satisfaction, that Gregory J Price, Assistant Secretary is the Attesting Secretary of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB, the Corporation named in the within Instrument; that Ken Satsky is the ASSISTANT VICE PRESIDENT ~~Vice President~~ of said Corporation; that the execution, as well as the making of this Instrument, has been duly authorized by a proper resolution of the Board of Directors of the said Corporation; that deponent well knows the corporate seal of said Corporation; and that the seal affixed to said Instrument is the proper corporate seal and was thereto affixed and said Instrument signed and delivered by said ASSISTANT VICE PRESIDENT ~~Vice President~~ as and for the voluntary act and deed of said Corporation, in presence of deponent, who thereupon subscribed his/her name hereto as attesting witness,

Gregory J Price, Assistant Secretary
Attesting Secretary

Sworn to and subscribed before me,
On the date aforesaid,

(Notary)

Liliana Morcan

LILIANA MORCAN
My Commission Expires
October 21, 2012

ASSIGNMENT OF MORTGAGE

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB

TO

BAC HOME LOANS SERVICING, L.P. F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P.

Record and Return to:
STERN, LAVINTHAL, FRANKENBERG & NORGAARD, LLC
293 Eisenhower Parkway - Suite 300
Livingston, New Jersey 07039

200906133

## ASSIGNMENT OF MORTGAGE

*KNOW ALL MEN BY THESE PRESENTS*

THAT **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB,**

*RESIDING OR LOCATED AT* **P.O. BOX 2026, FLINT, MI 48501-2026**, party of the first part, in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration, lawful money of the United States of America, to it in hand paid by **BAC HOME LOANS SERVICING, L.P. f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P.** *RESIDING OR LOCATED AT* **7105 CORPORATE DRIVE, STOP PTX-C-35, PLANO, TEXAS 75024,** *party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, assigned, transferred and set over and by these presents does grant, bargain, sell, assign, transfer, and set over unto the said party of the second part, its successors or assigns, a certain Indenture(s) of mortgage, bearing date the 6th day of November, 2007,* made by **CARL A. D'ARGENZIO and BARBARA A. D'ARGENZIO, HIS WIFE** ON LANDS LOCATED IN *the* TOWNSHIP OF WASHINGTON *in the County of* GLOUCESTER *and State of New Jersey, to secure the sum of* **TWO HUNDRED TWENTY-NINE THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($229,500.00)**, which mortgage is recorded on December 26, 2007 in the Office of the Clerk/Register of GLOUCESTER County, State of New Jersey, in **Book MB 11027** of mortgages at **Page 267**.

**TO HAVE AND TO HOLD** *the same unto the said party of the second part, its successors or assigns forever, subject only to the proviso in the said Indenture of mortgage mentioned:* **AND** *it does hereby make, constitute, and appoint the said party of the second part its true and lawful attorney, irrevocable, in its name, or otherwise, but at its proper costs and charges, to discharge the same as fully as it might or could do if these presents were not made.*

**IN WITNESS WHEREOF,** *the said party of the first part has hereunto set his hand and seal or caused these presents to be signed by its proper corporate officers and its corporate seal to be hereto affixed this day* 30 Jul 2009.

**THE WITHIN ASSIGNMENT IS MADE WITHOUT RECOURSE OR WARRANTY OF ANY KIND, EXPRESS OR IMPLIED.**

*SIGNED, SEALED AND DELIVERED*  *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB*

*IN THE PRESENCE OF OR ATTESTED BY*

Gregory J Price, Assistant Secretary
Attesting Secretary

Ken Satsky-Assist. Vice President

Docket# 38375   Type: ASM   Pages: 2
James N. Hogan, Gloucester County Clerk
Receipt#: 34236   12:52:10 P.M.   08/17/2009
Recording Fee: $50.00   AB 162 256