ZEICHNER ELLMAN & KRAUSE LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-9100
WILLIAM T. MARSHALL, JR. (WM0626)
PHILIP S. MARSHALL (PR0116)
KERRY A. DUFFY (KD6480)
Attorneys for Defendant Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL D'ARGENZIO AND BARBARA D'ARGENZIO,<br><br>                              Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, f/k/a COUNTRYWIDE BANK, FSB<br><br>                              Defendant. | Civil Action No. 1:09-cv-05604<br><br>Hon. Jerome B. Simandle<br><br>(Joel Schneider, U.S.M.J.) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
BY DEFENDANT BANK OF AMERICA, N.A. FOR
SUMMARY JUDGMENT PURSUANT TO F. R. Civ. P. 56**

On the brief:

William T. Marshall, Jr., Esq.
Kerry A. Duffy, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

BACKGROUND FACTS....................................................................................... 2

POINT I      THE STANDARD FOR GRANTING A MOTION FOR
             SUMMARY JUDGMENT UNDER RULE 56............................................. 4

POINT II     PLAINTIFFS' TILA CLAIM FOR DAMAGES IN COUNT I OF
             THE COMPLAINT IS TIME BARRED AND MUST BE
             DISMISSED AS A MATTER OF LAW ......................................................... 6

POINT III    THE DOCTRINE OF EQUITABLE TOLLING DOES NOT
             APPLY TO THE TILA CLAIM ................................................................... 7

POINT IV     THE DISCOVERY RULE DOES NOT TOLL THE STATUTES
             OF LIMITATION........................................................................................ 9

POINT V      PLAINTIFFS HAVE NO BASIS TO RESCIND THE LOAN ...................... 11

POINT VI     PLAINTIFFS HAVE NO CLAIM UNDER THE NEW JERSEY
             CONSUMER FRAUD ACT, N.J.S.A. 56:8-1, et seq. ("CFA") .................... 13

POINT VII    PLAINTIFFS FAIL TO SUBSTANTIATE THEIR COMMON
             LAW "FRAUD" CLAIM ............................................................................ 16

POINT VIII   PLAINTIFFS' CLAIMS REGARDING ALLEGED ORAL
             PROMISES REGARDING THEIR FINANCING ARE NOT
             ENFORCEABLE AS A MATTER OF LAW AND SHOULD BE
             DISMISSED ............................................................................................... 18

POINT IX     THE PROPOSED ECOA CLAIM SHOULD BE DISMISSED.................... 19

CONCLUSION..................................................................................................... 21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

<u>Anderson v. Liberty Lobby, Inc.</u>,
    477 <u>U.S.</u> 242, 106 <u>S.Ct.</u> 2505, 91 <u>L.Ed.2d</u> 202 (1986).................................................4, 5

<u>Bell Atl. Corp. v. Twombly</u>,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)...........................................20

<u>Bey v. Daimler Chrysler Servs. of N. Am., LLC</u>,
    2005 <u>U.S. Dist. LEXIS</u> 39684 (D.N.J. July 8, 2005).................................................7, 9

<u>Celotex Corp. v. Catrett</u>,
    477 <u>U.S.</u> 317, 106 <u>S.Ct.</u> 2548, 91 <u>L.Ed.2d</u> 265 (1986).................................................5, 6

<u>Cetel v. Kirwan Financial Group, Inc.</u>,
    460 <u>F. 3d</u> 494 (3d Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1267 (2007) .............................8

<u>Davitt v. Open MRI of Allentown, LLC</u>,
    2003 <u>U.S. Dist. LEXIS</u> 23720 (E.D. Pa. Dec. 17, 2003)................................................9

<u>In re Chiang</u>,
    385 F. 3d 256 (3d Cir. 2004) ......................................................................................20

<u>In re Community Bank of North Virginia</u>,
    418 <u>F. 3d</u> 277 (3d Cir. 2005) .........................................................................................7

<u>Irwin v. Department of Veterans Affairs</u>,
    498 <u>U.S.</u> 89, 111 <u>S. Ct.</u> 453, 112 <u>L. Ed. 2d</u> 435 (1990).................................................8

<u>Koons Buick Pontiac GMC, Inc. v. Nigh</u>,
    543 <u>U.S.</u> 50, 160 <u>L.Ed.</u> 2d 389, 125 <u>S. Ct.</u> 460 (2004)...................................................7

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,
    475 <u>U.S.</u> 574, 106 <u>S.Ct.</u> 1348, 89 <u>L.Ed.2d</u> 538 (1986)................................................4, 5

<u>Matthiesen v. Banc One Mortgage Corp.</u>,
    173 F. 3d 1242 (10th Cir. 1999) ...............................................................................20

<u>McElduff v. United States Bancorp</u>,
    2006 <u>U.S. Dist. LEXIS</u> 18656 (D.N.J. April 11, 2006).................................................7

Mid-Atlantic Nat'l Bank v. Hansen,
    48 F. 3d 693 (3d Cir. 1995) .................................................................19

Negrich v. Hohn,
    379 F. 2d 213 (3d Cir. 1967) ................................................................20

New Castle County v. Halliburton NUS Corp.,
    111 F. 3d 1116 (3d Cir. 1997) ...............................................................8

Oritani Sav. and Loan Ass'n v. Fidelity and Deposit Co.,
    989 F.2d 635 (3d Cir.1993) ...................................................................5

Oscar v. Bank One, N.A.,
    2006 WL 401853*3 (E.D. Pa. Feb. 17, 2006) .........................................12

Oshiver v. Levin, Fishbein, Sedran & Berman,
    38 F. 3d 1380 (3d Cir. 1994) .................................................................8

Smith v. Equicredit Corp.,
    2002 U.S. Dist. LEXIS 19395 (E.D. Pa. October 3, 2002) .........................7

Stephens v. Kerrigan,
    122 F.3d 171 (3d Cir.1997) ...................................................................4

Strang v. Wells Fargo,
    2005 WL 1655886*3 (E.D. Pa. July 13, 2005) ........................................12

Turner v. Schering-Plough Corp.,
    901 F.2d 335 (3d Cir.1990) ...................................................................6

Weis-Buy Services, Inc. v. Paglia,
    411 F. 3d 415 (3d Cir. 2005) .................................................................8

STATE CASES

Burd v. New Jersey Tel. Co.,
    76 N.J. 284 (1978) ..............................................................................10

Cauco v. Galante,
    6 N.J. 128 (1951) ................................................................................18

Cox v. Sears Roebuck & Co.,
    138 N.J. 2 (1994) ................................................................................13

Dabush v. Mercedes-Benz USA, LLC,
    378 N.J. Super. 105, 114 (App. Div. 2005) cert. denied 185 N.J. 265 ........13

Feldman v. Warshawsky,
  125 N.J. Eq. 19 (E & A 1938) .................................................................18

Filmlife, Inc. v. Mal "2" Ena, Inc.,
  251 N.J. Super. 570 (App. Div. 1991) ....................................................11

Gross v. TJH Automotive Co., LLC,
  380 N.J. Super. 176 (App. Div. 2005) ....................................................17

Henry v. New Jersey Department of Human Services,
  2009 WL 2149880 (N.J. Super. 2009) ....................................................10

Hoffman v. Hampshire Labs, Inc.,
  405 N.J. Super. 105 (App. Div. 2009) ....................................................14

Jewish Ctr. of Sussex County v. Whale,
  86 N.J. 619 (N.J. 1981) ...........................................................................16

Kurtz v. Oremland,
  24 N.J. Super. 235 (Ch. Div. 1952) ........................................................14

Leeper v. Weintraub,
  273 N.J. Super. 532 (App. Div. 1994) ....................................................18

Levinson v. D'Alfonso & Stein,
  320 N.J. Super. 312 (App. Div. 1999) ....................................................17

Morton v. 4 Orchard Land Trust,
  180 N.J. 118 (2004) ................................................................................18

New Jersey Citizen Action v. Schering-Plough Corporation,
  367 N.J. Super. 8 (App. Div. 2003) cert. denied, 178 N.J. 249 ..........13, 15

Peter W. Kero, Inc. v. Terminal Const. Corp.,
  6 N.J. 361 (1951) ...............................................................................11, 19

Stochastic Decisions v. DiDomenico,
  236 N.J. Super. 388 (App. Div. 1989) cert. denied 121 N.J. 607 (1990) ...................17

Szczuvelek v. Harborside Healthcare Woods Edge,
  182 N.J. 275 (2005) ................................................................................10

Thiedemann v. Mercedes-Benz USA, LLC,
  183 N.J. 234 (2005) ................................................................................14

Torcon, Inc. Alexian Bros. Hosp., 205 N.J. Super. 428, 501 (Ch. Div. l985),
  aff'd 209 N.J. Super. 239 (App. Div.), cert. denied, 104 N.J. 440 (1986) ...................10

**FEDERAL STATUTES**

12 U.S.C. § 2614 ...................................................................................................6

15 U.S.C. § 1635(c) ............................................................................................12

15 U.S.C. § 1640(e) ..............................................................................................6

15 U.S.C. § 1691e(a) ...........................................................................................20

**STATE STATUTES**

N.J.S.A. 25:1-5 ...................................................................................................18

New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. ...........................1, 13

**RULES**

Fed. R. Civ. P. 9(b) .............................................................................................14

Fed. R. Civ. P. 56 .............................................................................................1, 4

Fed.R.Civ.P. 56(c) ............................................................................................4, 5

New Jersey Court Rule 4:5-8(a) .........................................................................14

**OTHER AUTHORITIES**

CFA.......................................................................................................3, 13, 14, 15

Restatement (Second) of Contracts § 213 (1981)..............................................19

## PRELIMINARY STATEMENT

This memorandum of law is submitted by Defendant Bank of America, N.A. ("BOA") in support of its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and the Court's Scheduling Order. Discovery has been completed, and this matter is ripe for the present motion because there are no material facts in dispute which would support any of the three claims for relief – viz., violations of the Truth-In-Lending Act ("TILA") (Count I), violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. (the "CFA") (Count II), and common law Fraud/Fraudulent Misrepresentation (Count III) - asserted by Plaintiffs Carl D'Argenzio ("Carl" or "CDA") and Barbara D'Argenzio ("Barbara" or "BDA") (collectively "Plaintiffs"), against BOA in the Complaint.  For the reasons stated herein, BOA is entitled to judgment as a matter of law.

Moreover, while there is a pending motion to amend the Complaint, which would add an additional, fourth claim against BOA, the undisputed facts show that such a claim is not properly stated and, if permitted, would be groundless, as a matter of law. That is, the claims set forth in the proposed Amended Complaint of Plaintiffs (for which Plaintiffs' motion for leave to amend is pending) are unsupported by the undisputed facts and the governing law.

Moreover, this Action should be seen for what it is – a collateral attack on another pending action, one in foreclosure. Plaintiffs are the named defendants in a pending New Jersey State Court foreclosure action filed on July 30, 2009 by BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. ("BAC"),

1

the holder and servicer of the existing 2007 Mortgage Loan made by BOA to Plaintiffs, a loan in grave default. BAC is seeking to foreclose upon the real property, located at 105 Salem Avenue, Turnersville, New Jersey (the "Property"), which secures the loan.

This District Court action was commenced more three (3) months after the Foreclosure Action was filed and appears to be a mere attempt by Plaintiffs to hinder the foreclosure, by conjuring up claims against BOA in connection with the $50,000 "cash out" refinancing which Plaintiffs admittedly had obtained from BOA's predecessor, Countrywide Bank, FSB, in November, 2007.

As will be set forth herein, Plaintiffs' claims for actual, punitive and statutory damages against BOA in this matter are specious at best, unsupported by the relevant and the material facts, which are not in dispute.  Moreover, they are not sustainable as a matter of law. Therefore, summary judgment should be granted and the Complaint dismissed as a matter of law. (See Exhibit 2 to the Declaration of William T. Marshall, Jr. Esq. ("Marshall Decl."), Plaintiffs' Complaint).

## BACKGROUND FACTS

Plaintiffs are the current owners of the Property in Turnersville, Camden County, New Jersey, having purchased it in or around 1996.  In December 2005, almost ten years after their purchase, Plaintiffs sought to refinance their loan obligations for the Property.  The D'Argenzios admit that due to the poor credit of Carl D'Argenzio Barbara was the lone obligor on a refinance loan in the amount of $172,000 in December 2005 (the "2005 Loan"), through the assistance of her broker, Cornerstone

2

Mortgage, and with the guidance of BDA's late father, Paul Sullivan. Barbara admits executing all relevant loan documents and disclosures for the 2005 Loan.

In November 2007, Plaintiffs again sought to refinance. However, the loan quickly went into default, apparently because the income represented by Plaintiffs on their application did not materialize or had dissipated. In February 2008, Barbara admitted to BOA that Plaintiffs were having financial difficulty and that they were again seeking refinancing, and if they did not receive it (which they did not), she would call back. (See Marshall Decl. ¶ 19, Exh. 12). A July 2008 loan application for another refinance by the D'Argenzios was generated but never signed by Plaintiffs, or fully processed or consummated. BOA's records show it was withdrawn. It is that unsigned, incomplete loan application which forms the basis of Plaintiffs' fraud claim, a false promise or misrepresentation made to Plaintiffs in conjunction with the November 2007 Mortgage Loan. However, there is no factual evidence to support such a claim or link it to the 2007 Mortgage Loan, and it fails as a matter of law.

**The Plaintiffs' Complaint**

As stated, Plaintiffs' Complaint, filed in November 2009, alleges, inter alia, violations of statutes such as TILA, the CFA, as well as common law fraud and fraudulent misrepresentation. Plaintiffs seek actual and compensatory damages from BOA, including certain fees, costs, charges, and interest related to the 2007 refinance transaction for the Property. The Complaint, however, lacks a single specific allegation identifying any conduct or involvement of BOA which could potentially result in BOA's liability to Plaintiffs.

In light of the foregoing, and for the reasons set forth at length herein, Plaintiffs' allegations are unsupported by any facts adduced through discovery; and thus unsupported by the governing law. Hence, summary judgment should be granted.

## LEGAL ARGUMENT

### POINT I

### THE STANDARD FOR GRANTING A MOTION FOR SUMMARY JUDGMENT UNDER RULE 56

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The district court must determine whether disputed issues of material fact exist, but the court cannot resolve factual disputes in a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue of material fact exists, the court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Stephens v. Kerrigan, 122 F.3d 171, 176-77 (3d Cir.1997). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, supra, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d 202. In deciding a motion for summary judgment, all reasonable inferences must be drawn in favor of the non-

4

movant. <u>Oritani Sav. and Loan Ass'n v. Fidelity and Deposit Co.</u>, 989 <u>F.2d</u> 635, 638 (3d Cir.1993).

       The moving party always bears the initial burden of demonstrating the absence of a genuine issue of material fact, regardless of which party ultimately would have the burden of persuasion at trial. <u>Celotex Corp. v. Catrett</u>, 477 <u>U.S.</u> 317, 323, 106 <u>S.Ct</u>. 2548, 91 <u>L.Ed.2d</u> 265 (1986). Once the moving party has met its opening burden, the non-moving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. <u>Id</u>. at 324. Thus, the non-moving party may not rest upon the mere allegations or denials of its pleadings. <u>Id</u>. "[T]he plain language of <u>Rule</u> 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Id</u>. at 322.

       Thus, once the moving-party has demonstrated to the court the absence of a material fact at issue, the Supreme Court has stated that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts ...." <u>Matsushita</u>, 475 <u>U.S.</u> at 586-87 (citations omitted). In other words, "[i]f the evidence [submitted by the non-moving party] is merely colorable ... or is not significantly probative ... summary judgment may be granted." <u>Anderson</u>, 477 <u>U.S.</u> at 249-50 (citations omitted).

       The Supreme Court has specifically recognized that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually

unsupportable claims or defenses, and [ ] that [the rule] should be interpreted in a way that allows it to accomplish this purpose." <u>Celotex</u>, 477 <u>U.S.</u> at 323-24. Thus, "[w]hen the record is such that it would not support a rational finding that an essential element of the non-moving party's claim or defense exists, summary judgment must be entered for the moving party." <u>Turner v. Schering-Plough Corp.</u>, 901 <u>F.2d</u> 335, 341 (3d Cir.1990).

In this case, as demonstrated herein, the undisputed facts, as a matter of law, do not establish any viable claim against BOA. Moreover, certain claims of Plaintiffs against BOA are time-barred, are barred by the governing Federal and/or New Jersey law, and are utterly unsupported by material fact.

## POINT II

### PLAINTIFFS' TILA CLAIM FOR DAMAGES IN COUNT I OF THE COMPLAINT IS TIME BARRED <u>AND MUST BE DISMISSED AS A MATTER OF LAW</u>

Plaintiffs' claim under TILA is based on allegations of non-compliance with the statute, allegations which are contradicted by undisputed evidence. However, notwithstanding the alleged violations, the claim is time-barred. Under TILA, a claimant must sue for damages within one (1) year of the statutory violation. <u>See</u> 12 <u>U.S.C.</u> § 2614 and 15 <u>U.S.C.</u> § 1640(e). Here, Plaintiffs seek injunctive and declaratory relief, and statutory penalties and damages against BOA. (<u>See</u> Marshall Decl., Exh. 2, Complaint). The 2007 Loan Closing took place (in which the TILA violations are alleged to have occurred) on November 6, 2007. <u>Id</u>. However, Plaintiffs did not file their claim against BOA until November 4, 2009 (nearly two (2) <u>years</u> <u>later</u>). Hence,

6

Plaintiffs filed the Complaint well <u>after</u> the expiration of the one (1) year limitations period applicable to TILA claims.

Thus, Plaintiffs' TILA claim is time-barred and should be dismissed. <u>See</u> <u>In re Community Bank of North Virginia</u>, 418 <u>F. 3d</u> 277, 304-305 (3d Cir. 2005); <u>Smith</u> <u>v. Equicredit Corp.</u>, 2002 <u>U.S. Dist. LEXIS</u> 19395 *4 (E.D. Pa. October 3, 2002); <u>Koons Buick Pontiac GMC, Inc. v. Nigh</u>, 543 <u>U.S.</u> 50, 160 <u>L.Ed.</u> 2d 389, 125 <u>S. Ct.</u> 460 (2004) (TILA claim must be brought within one year from the date of the occurrence of the alleged violation); <u>Bey v. Daimler Chrysler Servs. of N. Am., LLC</u>, 2005 <u>U.S. Dist.</u> <u>LEXIS</u> 39684 (D.N.J. July 8, 2005) (TILA claims dismissed as time-barred because the claims were brought more than one year after the alleged violations occurred); <u>McElduff v. United States Bancorp</u>, 2006 <u>U.S. Dist. LEXIS</u> 18656 *5-6 (D.N.J. April 11, 2006) (TILA claims have a one year statute of limitations. Thus, a borrower must bring an action for damages within one year of the alleged violation).

Accordingly, Count I (Violations of TILA) of the Complaint should be dismissed, with prejudice.

**POINT III**

**THE DOCTRINE OF EQUITABLE TOLLING**
**<u>DOES NOT APPLY TO THE TILA CLAIM</u>**

It is possible that Plaintiffs may contend in opposition, and as referenced in their Complaint, that the doctrine of "equitable tolling" applies to save their TILA claim which is otherwise time-barred. However, such a contention would be groundless and belied by the allegations in the Complaint.

Equitable tolling serves to "stop the statute of limitations from running where the claim's accrual date has passed." Weis-Buy Services, Inc. v. Paglia, 411 F. 3d 415, 424 (3d Cir. 2005) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1387 (3d Cir. 1994)). To invoke the doctrine of equitable tolling, Plaintiffs must allege: (1) that BOA actively misled the Plaintiffs; (2) that same prevented Plaintiffs from recognizing the validity of their claim within the limitations period; and (3) that the Plaintiffs' ignorance is not attributable to their own lack of reasonable due diligence in attempting to uncover the relevant facts. Cetel v. Kirwan Financial Group, Inc., 460 F. 3d 494, 509 (3d Cir. 2006), cert. denied, 127 S. Ct. 1267 (2007).

Equitable tolling has been applied in cases where the plaintiff has "in some extraordinary way . . . been prevented from asserting his or her rights." See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1387 (3d Cir. 1994). Plaintiffs must show that they "exercised reasonable diligence in investigating and bringing [the] claims" New Castle County v. Halliburton NUS Corp., 111 F. 3d 1116, 1126 (3d Cir. 1997). Mere excusable neglect is not sufficient to invoke equitable tolling. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990).

But, none of the grounds for equitable tolling exist here. Plaintiffs do not allege, and no facts have been uncovered showing, that BOA actively misled the Plaintiffs in any way.  Nor is there any evidence that BOA prevented Plaintiffs from recognizing the validity of his claim within the limitations period.  Thus, Plaintiffs cannot sustain these keys elements of a claim for equitable tolling. Second, Plaintiffs

only nominally allege equitable tolling in the Complaint, without identifying any facts sufficient to justify the court's application of equitable tolling to this matter. See Bey v. Daimler Chrysler Services of North America, LLC, 2005 U.S. Dist. LEXIS 39684 at *4 (D.N.J. Jul. 8, 2005) (dismissing TILA claim as time-barred where complaint did not contain factual allegations to support an equitable tolling defense); Davitt v. Open MRI of Allentown, LLC, 2003 U.S. Dist. LEXIS 23720 at *6 (E.D. Pa. Dec. 17, 2003) (dismissing TILA claim as time-barred where plaintiff failed to allege the requirements of equitable tolling in her complaint).

Accordingly, Count I (TILA) of the Complaint against BOA should be dismissed with prejudice.

## POINT IV

### THE DISCOVERY RULE DOES NOT
### TOLL THE STATUTES OF LIMITATION

We also anticipate that Plaintiffs may contend, as alleged in their Complaint, that the discovery rule applies to save their claims which are otherwise time-barred. Were Plaintiffs to make such an argument, however, they would be incorrect. The discovery rule cannot be used as a shield to protect Plaintiffs from their own inaction. Based upon the allegations of the Complaint, Plaintiffs should have been aware of the alleged fraud at or prior to the November 6, 2007 Loan Closing, but took no action to address their rights until nearly two (2) years later November 4, 2009, when they filed the Complaint, well after the applicable statute of limitation had expired, more than three (3) months after a Foreclosure Action had been commenced. Therefore,

there is no plausible argument or proof that Plaintiffs did not, or could not, through reasonable diligence, have learned about their claims until now.

The discovery rule in New Jersey only postpones the accrual of a claim "in an appropriate case...until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he [or she] may have a basis for an actionable claim." Henry v. New Jersey Department of Human Services, 2009 WL 2149880 (N.J. Super. 2009) quoting Szczuvelek v. Harborside Healthcare Woods Edge, 182 N.J. 275, 281 (2005).

A plaintiff need only have knowledge of "the existence of that state of facts which may equate in law with a cause of action." Burd v. New Jersey Tel. Co., 76 N.J. 284, 291 (1978). New Jersey courts have consistently interpreted that to mean "a" cause of action or "an" actionable claim and have not required a plaintiff to have knowledge about "the specific cause." Torcon, Inc. Alexian Bros. Hosp., 205 N.J. Super. 428, 501 (Ch. Div. 1985), aff'd 209 N.J. Super. 239 (App. Div.), cert. denied, 104 N.J. 440 (1986).

The discovery rule does not toll any of the statutes of limitation in this case. Both Plaintiffs testified in their depositions of their receipt, review and execution of the Note, Mortgage and various loan disclosures at the closing. (See Marshall Decl. ¶¶ 17-19, Exhs. 10-14). By Plaintiffs' own admissions, Plaintiffs could have just as easily performed a cursory review of their loan documents to discover their alleged claims against BOA. Plaintiffs, however, did not do so.

Plaintiffs' claims against BOA arise out of the terms of the loan provided to Plaintiffs on November 6, 2007. Based upon the plain language of the Complaint, and the foregoing admissions in the testimony of Plaintiffs, there is no question, factual or otherwise, that Plaintiffs knew or should have known what their loan terms were at the time of the loan closing when they signed the loan documents. Plaintiffs cannot explain why a reasonable inquiry – or simply reading the loan documents – could not have provided Plaintiffs with information regarding their loan terms and the identity of the parties to the loan transaction.   It is uncontroverted that Plaintiffs signed and received all the requisite disclosure documents in connection with the November 2007 Loan. See Marshall Decl. at ¶¶ 17-19.

It is the general rule that where a party affixes their signature to a written instrument, a conclusive presumption arises that they read, understood and assented to its terms, and they will not be heard to complain that they did not comprehend the effect of signing the agreement. See Peter W. Kero, Inc. v. Terminal Const. Corp., 6 N.J. 361, 368 (1951).  Individuals are "bound by the import of documents signed by them and which they had the ability and opportunity to read." Filmlife, Inc. v. Mal "2" Ena, Inc., 251 N.J. Super. 570, 575 (App. Div. 1991).

## POINT V

### PLAINTIFFS HAVE NO BASIS
### TO RESCIND THE LOAN

Plaintiffs seek to rescind the loan based upon certain alleged violations of TILA in failing to provide Plaintiffs with certain the Rescission Notices, TILA and

Closing Disclosures. (See Marshall Decl. ¶ 8, Exh. 2). Plaintiffs' allegations are incorrect and expressly belied by the evidentiary record. The Marshall Decl at ¶¶ 17-19, corresponding exhibits, and accompanying Exhibits 10, 11, 12, 15 and 16 irrefutably demonstrate that Plaintiffs executed all required TILA Disclosures prior to and at the 2007 Loan Closing, including the Rescission Notices, TILA and Closing Disclosures. (See Marshall Decl. ¶¶ 17-19, the referenced transcript Exhs. DA-7 to DA-16, and Exhibits 11 and 12).

Plaintiffs' signed acknowledgments of these documents create a rebuttable presumption of receipt under the TILA. See e.g., 15 U.S.C. § 1635(c) Oscar v. Bank One, N.A., 2006 WL 401853*3 (Plaintiffs' execution of the Federal Truth in Lending Disclosure Statement creates a presumption that the disclosures were, in fact, received and Plaintiffs' statement to the contrary is not, by itself, sufficient to rebut that presumption) (E.D. Pa. Feb. 17, 2006). Strang v. Wells Fargo, 2005 WL 1655886*3 (E.D. Pa. July 13, 2005).  Plaintiffs, however, have no basis to rebut this presumption as their undisputed deposition testimony confirms their execution and receipt of all the requisite disclosures.

Because Plaintiffs were provided with the requisite TILA Disclosures, Plaintiffs' rescission period extended for only three (3) business days following the November 6, 2007 Loan Closing. Here, Plaintiffs did not raise any claims against BOA until the filing of their Complaint for Rescission on November 4, 2009, nearly two (2) years after the Loan Closing and well after the three (3) day rescission period expired in November 2007 (See Marshall Decl. ¶¶ 17-19).

12

## POINT VI

## PLAINTIFFS HAVE NO CLAIM UNDER THE NEW JERSEY CONSUMER FRAUD ACT, N.J.S.A. 56:8-1, ET SEQ. ("CFA")

Plaintiffs have no valid claim, and will not be able to establish any grounds for entitlement to relief, under the CFA. Therefore, his CFA claims against BOA in Count II of the Complaint should be dismissed.

In the Complaint, Plaintiffs claim, inter alia, that at "all times material, the actions above described, constituted a violation of the [CFA], which Defendant is in violation and liable therefore to Plaintiffs." (See, Marshall Decl. ¶ 8, Exh. 2, Count II ¶76). Plaintiffs, however, based upon the facts alleged in his Complaint and the facts adduced through discovery, cannot set forth any of the elements necessary to state a valid claim against BOA under the CFA. Moreover, Plaintiffs' vague and conclusory allegations, without more, are even insufficient to state a valid claim under the CFA and, therefore, the CFA claim should be dismissed.

"To state a claim under the CFA, a plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and plaintiff's ascertainable loss." Dabush v. Mercedes-Benz USA, LLC, 378 N.J. Super. 105, 114 (App. Div. 2005) cert. denied 185 N.J. 265 quoting New Jersey Citizen Action v. Schering-Plough Corporation, 367 N.J. Super. 8, 12-13 (App. Div. 2003) cert. denied, 178 N.J. 249 citing Cox v. Sears Roebuck & Co., 138 N.J. 2, 24 (1994).

Fed. R. Civ. P. 9(b) specifically requires that a party alleging fraud must state with particularity the circumstances constituting the fraud. Here, Plaintiffs cannot establish any of the required elements. This Rule is consistent with New Jersey state law, which also requires that Plaintiffs' CFA claim be pled with a heightened degree of specificity. New Jersey Court Rule 4:5-8(a) requires that any complaint alleging fraud set forth the "particulars of the wrong, with dates and items if necessary, . . . insofar as practicable." Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 112 (App. Div. 2009). "Because a claim under the CFA is essentially a fraud claim, the rule requires that such claims be pled with specificity to the extent practicable." Id. The purpose of the rule requiring particularity is to enable the person charged with the wrong to deny, disprove or explain the facts alleged. See Kurtz v. Oremland, 24 N.J. Super. 235, 241 (Ch. Div. 1952). Plaintiffs fail, as required, to plead with specificity the CFA claims against BOA.

Plaintiffs fail to identify, let alone establish, any unlawful conduct by BOA. This, in and of itself, is fatal to Plaintiffs' CFA claim. Moreover, Plaintiffs did not plead any ascertainable loss he suffered as a result of BOA's conduct.

To establish an ascertainable loss, Plaintiffs must demonstrate that they suffered a quantifiable or otherwise measurable loss as a direct result of BOA's alleged conduct at or prior to the subject November 6, 2007 Loan Closing. See, Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 238 (2005). Plaintiffs have failed to do so in this case. Plaintiffs cannot recall, in any fashion, any communications they had with BOA prior to the loan closing, the time period when a number of the acts complained of

occurred. Plaintiffs' lack of contact with BOA was further confirmed at their deposition. (See Marshall Decl. ¶¶ 17-18). Plaintiffs even concede that they received the benefit of 2007 Mortgage Loan proceeds were used to pay off Plaintiffs' 2005 mortgage with Countrywide Bank, N.A. in the amount of $172,000, and cashed out about $50,000 for other uses, including buying a car and satisfying a judgment. (See Marshall Decl. ¶¶ 17-18).

Thus, Plaintiffs cannot escape the fact that they did not suffer an "ascertainable loss" as the result of a direct causal relationship between themselves and BOA since admittedly no contact or communication existed between them at or prior to the 2007 Loan Closing, when the alleged fraud occurred. Plaintiffs not only do not plead as such, Plaintiffs testified in their deposition that they had limited or no contact with the lender for that matter.

Therefore, in light of these undisputed facts, coupled with Plaintiffs' deficient allegations of violations of the CFA, Count II of the Complaint should be dismissed as to BOA. New Jersey Citizen Action v. Schering-Plough Corporation, 367 N.J. Super. 8 (App. Div. 2003) certif. denied, 178 N.J. 249 (appellate division affirmed the dismissal of Plaintiffs' CFA claim because of Plaintiffs' failure to demonstrate ascertainable loss resulting from defendant's conduct).

## POINT VII

### PLAINTIFFS FAIL TO SUBSTANTIATE
### THEIR COMMON LAW "FRAUD" CLAIM

Plaintiffs allege, <u>inter alia</u>, the "Defendants fraud and fraudulent misrepresentations included, but were not limited to, intentionally concealing, failing to warn, and misrepresenting the loan terms to Plaintiffs, thereby wrongfully inducing Plaintiffs to execute the 2007 Mortgage Loan to Plaintiffs detriment." (<u>See</u> Marshall Decl., Exh. 2 ¶¶ 77-78). Plaintiffs, however, are unable to articulate, with any specificity, the actions allegedly undertaken by BOA which support their "fraud" claim. Plaintiffs are also unable to support such allegations with substantive, credible and material facts.

The elements of common law fraud under New Jersey law are proof that BOA made (1) a material misrepresentation of a present or past fact; (2) with knowledge of its falsity; (3) with the intention that a plaintiff rely thereon; and (4) which resulted in reasonable reliance by plaintiff. <u>See</u> <u>Jewish Ctr. of Sussex County v. Whale</u>, 86 N.J. 619 (N.J. 1981).

None of the elements required to establish a common law fraud claim against BOA exist here. Plaintiffs conceded at their depositions that they do <u>not</u> specifically recall the communications, if any, they had with the bank at or prior to the Loan Closing, the time period when all of the acts complained of in the Complaint occurred. Marshall Decl. ¶¶ 17-18. Plaintiffs are simply unable to support their claim that BOA made any material misrepresentation of a present or past fact with knowledge

16

of its falsity, or for that matter, and have <u>not</u> identified any specific statements which they contend were false with the intention that Plaintiffs rely thereon, and which were reasonably relied upon by Plaintiffs.  What has been posited through their pleadings is mere speculation and conjecture, not actual fact.

The terms of Plaintiffs' loan were fully disclosed to Plaintiffs as evidenced by their execution of the various loan disclosures and agreements related thereto, and their uncontroverted deposition testimony regarding same.

Moreover, proof of fraud must be by clear and convincing evidence and there is not even a *scintilla* of evidence here. <u>See</u> <u>Stochastic Decisions v. DiDomenico</u>, 236 <u>N.J. Super.</u> 388, 395 (App. Div. 1989) <u>cert. denied</u> 121 <u>N.J.</u> 607 (1990). Thus, Plaintiffs fail to plead, let alone substantiate, by clear and convincing evidence, that BOA engaged in fraudulent conduct. Therefore, Plaintiffs' fraud claims against BOA must fail as a matter of law. <u>See</u> <u>Levinson v. D'Alfonso & Stein</u>, 320 <u>N.J.</u> <u>Super.</u> 312, 315 (App. Div. 1999) (fraud claim dismissed because "the allegations do not set forth with specificity, nor do they constitute as pleaded, satisfaction of the elements of legal or equitable fraud"); <u>See</u> <u>Gross v. TJH Automotive Co., LLC</u>, 380 <u>N.J. Super</u>. 176, 184 (App. Div. 2005) (court should dismiss a complaint that states no basis for relief).

Accordingly, Count III of the Complaint (Common Law Fraud/Fraudulent Misrepresentation) should be dismissed with prejudice as against BOA.

## POINT VIII

### PLAINTIFFS' CLAIMS REGARDING ALLEGED ORAL PROMISES REGARDING THEIR FINANCING ARE NOT ENFORCEABLE AS A MATTER OF LAW AND SHOULD BE DISMISSED

Plaintiffs base certain claims on vague and unspecified oral statements made by an unidentified loan officer claiming they were allegedly approved in advance for another, more favorable refinance after being in the 2007 Mortgage Loan for a few months. (See, Marshall Cert., Exh. 2). Plaintiffs do not demonstrate any of the elements to substantiate the allegedly false representations made to Plaintiffs. Nothing has been uncovered through written discovery or depositions to support the allegations regarding such alleged representations.

Moreover, such claims against BOA which seek the enforcement of an alleged oral promise are not enforceable against BOA.  It is well settled in New Jersey that an "agreement to give a mortgage on real property creates an interest in real estate within the Statute of Frauds." See Leeper v. Weintraub, 273 N.J. Super. 532, 535 (App. Div. 1994), citing Cauco v. Galante, 6 N.J. 128, 137 (1951), Feldman v. Warshawsky, 125 N.J. Eq. 19, 20 (E & A 1938). An agreement to give a mortgage loan must be in writing to satisfy the Statute of Frauds.  See, Id. at 535; N.J.S.A. 25:1-5.  None of the statements which Plaintiffs seek to enforce are in writing. The Statute of Frauds is designed to preclude a party from fraudulently attempting to enforce oral contracts which, pursuant to applicable law, must be in writing to be enforceable. See e.g., Morton v. 4 Orchard Land Trust, 180 N.J. 118 (2004).

In this matter, Plaintiffs concede that they executed the loan documents as part of a refinance and ultimately received a benefit in connection therewith. (See, Marshall Decl. ¶¶ 17-18 and the referenced exhibits). Looking to the four corners of the loan instruments, the terms of these documents were acknowledged and agreed to by Plaintiffs. It is well settled that parties are usually bound by the import of documents signed by them and which they had the ability and opportunity to read. See Peter W. Kero, Inc., v. Terminal Construction Corp., 6 N.J. 361 (1951). Plaintiffs conceded at deposition that there was no existing signed document reflecting the alleged terms.

In point of fact, there was no such representation in the loan documents as alleged in the Complaint.  Moreover, under the parol evidence rule, Plaintiffs would be prohibited from introducing such evidence that would alter the terms of the loan documents which they concede having executed. See, Restatement (Second) of Contracts § 213 (1981).

Therefore, any claims raised as to alleged oral promises should be dismissed with prejudice.

## POINT IX

### THE PROPOSED ECOA CLAIM
### SHOULD BE DISMISSED

The ECOA is an anti-discrimination statute that prohibits creditors from discrimination in the extension of credit.  See Mid-Atlantic Nat'l Bank v. Hansen, 48 F. 3d 693, 699 (3d Cir. 1995) ("The ECOA was enacted to protect consumers from discrimination by financial institutions").  Under the ECOA, "any creditor who fails to

comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for any actual damages sustained by such applicant." See 15 U.S.C. § 1691e(a).  To establish a prima facie case under the ECOA, Plaintiffs must show that they (1) were members of a protected class, (2) applied for credit from defendant, (3) were qualified for the credit, and (4) despite their qualifications, were denied credit.  In re Chiang, 385 F. 3d 256, 259 (3d Cir. 2004) (quoting Matthiesen v. Banc One Mortgage Corp., 173 F. 3d 1242, 1246 (10th Cir. 1999).

        The ECOA claim should be dismissed against BOA because there is no law and there are no facts which have been adduced through discovery to support such relief.  There are no factual allegations that Plaintiffs was denied credit despite being qualified.  There are no factual allegations that BOA discriminated against Plaintiffs on the basis that they were members of a protected class under ECOA. There is no substantive evidence that showing that BOA did not comply with the requirements of the ECOA.  Thus, the purely speculative and conclusory ECOA claim. See e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (factual allegations that do not raise a right to relief above the speculative level should be dismissed); Negrich v. Hohn, 379 F.2d 213, 215 (3d Cir. 1967) (complaint deemed insufficient and dismissed because of its failure to state facts in support of its conclusions).

## **CONCLUSION**

By reason of the foregoing, the Motion for Summary Judgment by Bank of America, N.A. dismissing Plaintiffs' Complaint should be granted, as a matter of law, in its entirety.

DATED:      Roseland, New Jersey
            April 29, 2011

ZEICHNER ELLMAN & KRAUSE LLP
Attorneys for Defendant Bank of America, N.A.

BY  _____
WILLIAM T. MARSHALL, JR. (WM0626)
KERRY A. DUFFY (KD6480)

21