ZEICHNER ELLMAN & KRAUSE LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-9100
WILLIAM T. MARSHALL, JR. (WM0626)
PHILIP S. MARSHALL (PR0116)
KERRY A. DUFFY (KD6480)
Attorneys for Defendant Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL D'ARGENZIO AND BARBARA D'ARGENZIO,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, f/k/a COUNTRYWIDE BANK, FSB<br><br>Defendant. | Civil Action No. 1:09-cv-05604<br><br>Hon. Jerome B. Simandle<br><br>(Joel Schneider, U.S.M.J.) |

**BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFFS'
COUNTER-STATEMENT OF ADDITIONAL FACTS**

## BANK OF AMERICA, N.A.'S RESPONSE TO PLAINTIFFS' COUNTERSTATEMENT OF ADDITIONAL FACTS

Bank of America, N.A. ("BOA") objects to Plaintiff's Counter-Statement of Additional Facts to the extent that certain statements are not factual in nature, contain inadmissible hearsay and contain conclusions of law which are improper.

1. This statement is not factual in nature as it incorporates by reference Plaintiffs' responses to BOA's statement of Material Facts.

2. Denied in part. Plaintiffs omit reference to the complete testimony of CDA regarding the loan. CDA testified that Dave "had <u>asked</u> me if I would be able to afford $3000 a month" (CDA Tr. 33:7-8)  CDA acknowledges that only if he did not encounter any problems and <u>if</u> he could afford the $3000 a month payment he might be able to be put into a new loan. (CDA Tr. 33:16-23)

3. Denied. Plaintiffs mischaracterize the referenced testimony, as Plaintiffs knowingly and voluntarily entered into the loan.  CDA testified "-- at that particular time had a nice little cushion put away. I was making good money, you know, and it was my busy season. So you know, no, I didn't have a problem." (CDA Tr. 34:2-5). Moreover, the testimony regarding CDA's entry into the loan is as follows:

Q: You went forward with the loan?

A: Yeah. I went forward with the loan, and they sent someone to my house from – it's really driving me crazy, the name of this town in Philly. I don't know. Somewhere in Pennsylvania

Q: And at the time you signed the final copies of the loan documents that we referred to here that were marked?

A: Correct, yes.

Q: That was November the 6th of 2007?

A: Possibly, yes.

Q: Okay. Now when you – when you signed those documents, you read them or had an opportunity to read them, correct?

A: Briefly, skimmed through them.

(CDA Tr. 34:24-25; 35:1-13).

1

4. Denied in part. Plaintiffs do not cite to any testimony or certification to support such a statement.

5. Denied in part. Plaintiffs do not cite to any testimony or certification to support such a statement.

6. Denied in part. Plaintiffs omit reference to the complete content of the undated phone message played into the record. Specifically, Plaintiffs fail to reference that "Ben" stated in his phone message to CDA and BDA that he was "Just checking in. I haven't heard you guys – from you in a while." (CDA Tr. 52:10-12). Moreover, Plaintiffs omit reference to the fact that the message from "Ben" advised that the "approval" would be cancelled in a couple of days if he did not hear back from them. (CDA Tr. 52:17-20).

7. Denied in part. Plaintiffs misstate BDA's testimony. BDA testified she does not recall when certain items were sent to the bank. (See BDA Tr. 72:15-20).

8. Denied in part. CDA did not specify all the documents that he allegedly sent to the bank. CDA, however, did testify that he sent a loan application a number times without any specification as to when said item was sent.

9. Plaintiffs have conceded that they cannot produce a copy of a signed application or commitment to refinance the 2007 Mortgage Loan in or about July 2008.

DATED:   Roseland, New Jersey
         July 11, 2011

ZEICHNER ELLMAN & KRAUSE LLP
Attorneys for Defendant Bank of America, N.A.

BY: *[signature]*
    WILLIAM T. MARSHALL, JR. (WM9626)