# ZEICHNER ELLMAN & KRAUSE LLP

103 EISENHOWER PARKWAY
ROSELAND, NEW JERSEY 07068
(973) 618-9100
FAX: (973) 364-9960
www.zeklaw.com

575 LEXINGTON AVENUE
NEW YORK, NY 10022
(212) 223-0400
FAX: (212) 753-0396

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

WILLIAM T. MARSHALL, JR.
wmarshall@zeklaw.com

September 2, 2011

**BY ECF FILING-COURTESY COPY BY U.S. MAIL**

Honorable Jerome B. Simandle, U.S.D.J.
U.S. District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets-Room 6010
Camden, New Jersey 08101

        Re:    Carl D'Argenzio and Barbara D'Argenzio
                   v. Bank of America Corporation, f/k/a
                   Countrywide Bank, FSB
                   Civil Action No. 09-5604 (JBS, JS)
                   Our File No. 82978.053

Dear Judge Simandle:

        We represent Defendant Bank of America, N.A. ("BOA") in this matter and write this letter in response to Plaintiffs' belated motion for leave to file a sur-reply to BOA's motion for summary judgment (Docket #51).

        The motion by Plaintiffs to file a sur-reply is presently pending before Your Honor and returnable on September 6, 2011. (Docket #51). After a couple of extensions, the motion for summary judgment was made returnable on July 19, 2011 and was fully briefed and before the Court by that date. (Docket ##'s 36, 37, 47, 48, 49, 50) Significantly, BOA's moving papers addressed the proposed Amended Complaint which had been filed in March 16, 2001 in anticipation of BOA's motion for summary judgment. (Docket #37).

        Thus, in response to this belated motion, BOA relies on its papers already before the court. Those papers are complete and adequate for a determination of the summary judgment motion by the Court.

Z EICHNER  E LLMAN  &  K RAUSE  LLP

Honorable Jerome B. Simandle, U.S.D.J.
U.S. District Court
District of New Jersey
September 2, 2011
Page 2


       The subsequently conceived sur-reply motion and supporting papers lack merit and add nothing to the summary judgment motion but more delay to the process itself, and to the overall  pattern of delay in this case. Plaintiff readily admits that its claim under TILA had no merit, and for that reason, to their counsel's credit, was withdrawn. (Document #51-2, ¶6). However, in anticipation of BOA's motion for summary judgment, Plaintffs filed a motion to amend the complaint in an effort to breathe new life into their case. (Docket # 33). The Amended Complaint added a palpably frivolous claim based on ECOA, 15 U.S.C. § 1691(d). To be sure, BOA's motion for summary judgment, filed on April 29, 2011, had anticipated the Amended Complaint and adequately addressed the lack of merit in the ECOA and other issues in its moving and reply papers. Thus, Plaintiff had ample time to respond in its opposition papers, filed on June 24, 2011 (Docket #47).

       BOA respectfully asks the Court to consider the Plaintiffs' pattern of delay apparent from the record. The April 29, 2011 motion was originally returnable on June 6, 2011.  On May 11, 2011, in an effort to expedite matters, BOA stipulated to the Plaintiffs' motion to amend the Complaint.(Docket # 39). The Amended Complaint was filed on May 16, 2011 and BOA filed its answer to same on May 30, 2011. (Docket ##'s 41 & 43).

       On the return date of the motion, June 6, 2011, Plaintiffs filed a motion to automatically extend the time to respond to the motion. On June 17, 2011 Plaintiffs filed a motion for an additional extension of time and on June 24, 2011, almost two months after the motion for summary judgment had been filed, Plaintiffs filed their response in opposition. (Docket ##'s 46, 47). BOA filed its reply to the opposition on July 11, 2011 which, as stated above, was returnable on July 19, 2011. (Docket ##'s 48-50).

       On August 3, 2011, three weeks after BOA's reply papers were filed, and two weeks after the scheduled return date for the motion for summary judgment, Plaintiffs filed the pending motion for leave to file a sur-reply to supplement their counter-statement of facts filed months earlier, and respond to BOA's reply. (Docket # 51). BOA submits that such a request is not only untimely but improper, and should have no bearing on BOA's summary judgment motion.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Jerome B. Simandle, U.S.D.J.
U.S. District Court
District of New Jersey
September 2, 2011
Page 3

Moreover, as the Court will note, the majority of the "proposed supplemental facts" are actually references to allegations in the First Amended Complaint and not based on substantive facts set forth in the evidentiary record. It is axiomatic that mere allegations without more are insufficient to defeat a motion for summary judgment. Additionally, this information was available to Plaintiffs' counsel as early as March 16, 2011 when the motion to amend the complaint was filed, so this motion to file a sur-reply is merely an attempt to get a second bite at the apple and the last word. It is transparent that it is a last ditch effort by Plaintiffs to slow down the Court's review of BOA's pending motion.

In sum, BOA relies upon its moving submission of April 29, 2011 and its reply papers of July 11, 2011 in connection with its motion for summary judgment, and respectfully requests that Plaintiffs' motion for leave to file a sur-reply be denied in all respects.

Respectfully yours,

William T. Marshall, Jr.

WTM:kad

cc:    Matthew B. Weisberg, Esq. (via ECF and regular mail)