UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | |
|---|---|
| Carl and Barbara D'Argenzio, | : |
| | :     CIVIL ACTION NO.: 09-5604 |
| v. | : |
| | : |
| Bank of America Corporation | : |

RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR RECONSIDERATION RE:
MOTION FOR SUMMARY JUDGMENT

Other than the now more belligerent tone in which its arguments are voiced, BANA largely rehashes its summary judgment arguments in its Motion to Reconsider. Plaintiffs address each of its points as follows:

**POINT I.2.a. – c. ECOA and the Alleged BANA "Withdrawal Letter"**

BANA argues that the Court failed to consider the fact of its alleged letter to plaintiff confirming plaintiffs' alleged withdrawal of their July 2008 refinancing application with BANA. BANA argues two (2) subsidiary points flowing from this primary issues, namely that: 1) because this letter is argued as dispositive, there was no adverse action taken by BANA, (i.e. no need to send notice of denial, because the loan application was withdrawn); and, 2) that plaintiffs offer no documentary evidence to contradict the alleged September, 2008 BANA Letter.

BANA's entire argument in this regard is based on its failure to understand that the presumption of the disputed letter's delivery to plaintiffs can be rebutted under the rules merely by pleading and testimony. As the Third Circuit Court has recently ruled in Cappuccio v. Prime Capital Funding LLC (Sept. 1, 2011, 3rd Cir.), wherein the consumer

plaintiffs testified they had not received the lender's TILA required notice form and the court found such contrary sufficient without other contrary evidence:

> [Under] "…Federal Rule of Evidence 301… unless Congress or the Rules of Evidence provide otherwise, "a presumption in a civil case imposes the burden of production on the party against whom it is directed, but does not shift the burden of persuasion." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 287 (3d Cir. 2006); see also In re G-I Holdings, Inc., 385 F.3d 313, 318 (3d Cir. 2004) (same). Under this theory, called the "ThayerWigmore 'bursting bubble' theory of presumptions[,] . . . 'the introduction of evidence to rebut a presumption destroys that presumption, leaving only that evidence and its inferences to be judged against the competing evidence and its inferences to determine the ultimate question at issue.'" McCann, 458 F.3d at 287-88 (quoting McKenna v. Pac. Rail Serv., 32 F.3d 820, 829-30 (3d Cir. 1994)). "This view of Rule 301 is widely accepted." Id. at 288 (collecting cases and treatise sources).
>
> Further, the quantum of evidence needed to "burst" the presumption's "bubble" under Rule 301 is also minimal, given that "the presumption's only effect is to require the party [contesting it] to produce enough evidence substantiating [the presumed fact's absence] to withstand a motion for summary judgment or judgment as a matter of law on the issue." McCann, 458 F.3d at 288. We have previously held that a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment or judgment as a matter of law. See, e.g., Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 161-63 (3d Cir. 2009). This remains true even if the affidavit is "self-serving" in the sense of supporting the affiant's own legal claim or interests.

In addition to the September 2008 letter, BANA argues plaintiff BDA testified to seeing a "Notice of Incompleteness" urging the inference on the Court that the plaintiffs therefore knew that no 2008 refinancing was promised by defendant. However, plaintiffs do have evidence to support defendant intended the 2008 refinancing.

As pointed out in plaintiffs' response to defendant's Motion, in the summer of 2008, defendant loan officer "Ben" (Benjamin Brown) in loan application paperwork for the July 2008 refinancing, called plaintiffs and left a phone message,

2

played at deposition, stating that plaintiffs were approved for an FHA loan that would save them $1,000 to $1,300 on their monthly loan payment with an interest rate of approximately 6.375%. CDA Dep. 52:9-24. Plaintiffs further testified they provided documentation required of them, but they were already entitled to believe they were approved in contradiction to the documentation *because defendant advised them so*.

Finally, defendant's arguments for documentation are one sided. With regards to documentation plaintiffs testified to submitting in support of the July 2008 refinancing application, defendant argues that "no proof of mailing" were submitted to support their delivery to defendant. However, defendant also has no proof of mailing of the withdrawal letter upon which it seeks summary judgment. Consequently, Defendant's motion fails in this regard.

### POINT I.2.d. – ECOA, Relation Back, and Statute of Limitations

Defendant's discussion of this issue relies solely upon one case decision with completely distinguishable facts.

In the Ordille case (cited by defendant), the plaintiff seeking relief under ECOA filed their discrimination claims under the USDA §741 administrative regulations implementing the adjudication process. Discrimination complaints filed thereunder do not permit amendment or relation back of amendments to those complaints. See 7 C.F.R. Part 15f. Accordingly, the Court holding no statute or regulation provides for the relation back of amendments to complaints under Section 741, looked to the doctrine of relation back as it exists in common law noting, "The Ordilles do not contend that Federal Rule of Civil Procedure 15(c) applies to

administrative claims brought before the USDA pursuant to Section 741 and we have found no authority for such application."

Contrary to Ordille, Plaintiffs had expressly sought leave to amend under Rule 15(c), to which defendant consented, based on their new cause of action arising directly from the same set of facts (see docket, Document #33).

### POINT I.3. – NJ CFA and the 2007 Loan Documents

Defendant argues that plaintiffs' testimony to the effect that defendant's loan officers orally induced them to enter into the unaffordable 2007 loan is not supported by any evidence contradicting the conditional language of the loan commitment and other defendant loan documents which do not promise future modification of the 2007 loan terms.  However, this argument cannot stand against the aforementioned evidence of defendant loan officer Ben's recorded phone message advising of the refinancing approval only months later in 2008 supporting plaintiffs' alleged oral inducements by defendant as to selling of the 2007 loan.

Defendant belabors plaintiffs' difficulties in making the 2007 loan payments[1] as a pre-condition of receiving the 2008 refinancing are irrelevant insofar as plaintiffs *did* receive the refinancing approval from defendant in the form of the loan officer's aforementioned phone call.

Plaintiffs' participation in the 2008 application process is not dispositive of anything other than plaintiffs following instructions from defendant to gain a huge reduction in their loan's monthly payment.  Such participation is certainly not a contradiction of defendant's aforementioned telephonic approval of the loan refinancing.

---

[1] See Motion, pp. 18-19.

Finally, defendant is simply wrong that plaintiffs have not alleged an oral commitment to the July 2008 refinancing, see Compl.Am. ¶31[2]. There was no cancellation of the loan thereafter for the lack of communication a couple days thereafter and instead plaintiffs' testimony support a steady stream of communication thereafter. Defendant itself does not allege an end to the 2008 loan refinancing process until months thereafter in September.

**CONCLUSION**

The Court's decision on defendant's Motion for Summary Judgment is firmly supported by the record requiring denial of defendant's Motion for Reconsideration thereof.

                WEISBERG LAW, P.C.

                /s/ Matthew B. Weisberg, Esquire
                MATTHEW B. WEISBERG
                Attorneys for Plaintiff

Dated: January 3, 2012

---

[2] Plaintiff CDA did reference a different loan officer's name associated therewith in his testimony and on the phone message itself reflecting that loan commitment, but his testimony also reflects a revolving door of many loan officers who plaintiffs were in contact with during the refinancing process.

<u>Certificate of Service</u>

I, Matthew B. Weisberg, counsel for Plaintiff, hereby certify that I filed the foregoing Response in opposition to Reconsideration re: defendant Bank of America's Motion for Summary Judgment electronically and that all parties have been served via ECF email.

Dated: January 3, 2012                                              <u>/s/ Matthew B. Weisberg</u>