ZEICHNER ELLMAN & KRAUSE LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-9100
WILLIAM T. MARSHALL, JR. (WM0626)
KERRY A. DUFFY (KD6480)
Attorneys for Defendant Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL D'ARGENZIO AND BARBARA D'ARGENZIO,<br><br>       Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, f/k/a COUNTRYWIDE BANK, FSB<br><br>       Defendant. | Civil Action No. 1:09-cv-05604<br><br>Hon. Jerome B. Simandle<br><br>(Joel Schneider, U.S.M.J.) |

**DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION**

  Defendant Bank of America, N.A. ("BANA") moves, pursuant to L.R. 7.1(i) for leave to file a Reply to Plaintiffs' Opposition to BANA's motion for reconsideration of the Order dated November 21, 2011 ("Order") denying summary judgment.

  1. BANA seeks to file the attached Reply Memorandum to Plaintiffs' Opposition because the Plaintiffs' Opposition contains numerous statements which are misleading, confusing, and/or which are inconsistent with

the evidentiary record and the governing law, and presents a skewed timeline of the critical items submitted in connection with BANA's prior motion for summary judgment and its motion for reconsideration, resulting in the obfuscation of the real issues and facts before the Court on the aforesaid motions. (See BANA's proposed Reply Memorandum attached as Exhibit A).

DATED:   Roseland, New Jersey
         January 9, 2012

> ZEICHNER ELLMAN & KRAUSE LLP
> Attorneys for Defendant
> Bank of America, N.A.
>
> BY: _/s/ William T. Marshall, Jr._
>    WILLIAM T. MARSHALL, JR. (WM0626)
>    KERRY A. DUFFY (KD6480)

[EXHIBIT A]

ZEICHNER ELLMAN & KRAUSE LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-9100
WILLIAM T. MARSHALL, JR. (WM0626)
PHILIP S. ROSEN (PR0116)
KERRY A. DUFFY (KD6480)
Attorneys for Defendant Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL D'ARGENZIO AND BARBARA D'ARGENZIO, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, f/k/a COUNTRYWIDE BANK, FSB <br><br> Defendant. | Civil Action No. 1:09-cv-05604 <br><br><br> Hon. Jerome B. Simandle <br><br><br> (Joel Schneider, U.S.M.J.) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION BY DEFENDANT BANK OF AMERICA, N.A.
FOR RECONSIDERATION**

On the brief:

William T. Marshall, Jr., Esq.
Kerry A. Duffy, Esq.

## TABLE OF CONTENTS

A.  A Rational Jury Could Not Find, By a Preponderance of the Evidence, a Violation of the CFA ..................................................................2

B.  A Rational Jury Could Not Find, by a Preponderance of the Evidence, a Violation of ECOA ......................................................................6

    1.  The ECOA Claim Is Barred by the Statute of Limitations ....................6

    2.  Plaintiffs Have Not Demonstrated That There Was a Completed Application .........................................................................8

    3.  The Notice of Incompleteness and Withdrawal Letter Complied with the ECOA Statute.......................................................10

CONCLUSION..................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242, 106 S.Ct. 2505 (1986) ......................................................... 1, 2, 6

Boerkoel v. Hayes Mfg. Corp.,
   76 F.Supp. 771 (D.C.Mich.1948) ...................................................................... 7

Clemons v. Cutler Ridge Automotive,
   2008 WL 879324 (S.D Fla. 2008) ..................................................................... 7

Commissioner of Internal Revenue v. Rieck,
   104 F.2d 294, certiorari denied 308 U.S. 602, 60 S.Ct. 138, 84
   L.Ed. 504, rehearing denied 310 U.S. 657, 60 S.Ct. 1084, 84
   L.Ed. 1421 ........................................................................................................... 7

Lorenzen v. United States,
   52 F.2d 106 (8th Cir. (Mo) 1931) ....................................................................... 7

Manhattan Oil Co. v. Mosby,
   72 F.2d 840, certiorari denied 293 U.S. 623, 55 S.Ct. 237, 79
   L.Ed. 710 .............................................................................................................. 7

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
   475 U.S. 574 ........................................................................................................ 1

Ordille v. U.S.,
   2007 WL 173775 (3rd Cir. (NJ) 2007) ............................................................... 7

Salyers v. United States,
   257 F. 255 ............................................................................................................ 7

**STATUTES**

15 U.S.C. 1691(d)(6) .............................................................................................. 10

15 U.S.C. 1691e(f) ............................................................................................ 6, 10

**OTHER AUTHORITIES**

12 C.F.R. 202.9(c)(2) ............................................................................................. 10

12 C.F.R. 202.9(e) .................................................................................................. 10

This memorandum of law is submitted on behalf of Bank of America, N.A. ("BANA") as a Reply to Plaintiffs' Response in Opposition to BANA's pending Motion for Reconsideration. This Reply is necessary and justified because Plaintiffs have mixed together two distinct issues in dispute, viz., the facts and circumstances surrounding the New Jersey Consumer Fraud Act ("CFA) claim (Count II, Amended Complaint), involving the 2007 loan, with the facts and circumstances surrounding the alleged violation of the Equal Credit Opportunity Act ("ECOA") (Count I, Amended Complaint). This is confusing and misleading to the reader, and serves to obfuscate the material legal and factual issues before this Court. Hence, there is a need for clarification of same.

A careful review of Plaintiff's Opposition to this motion reveals that considering the proof adduced by BANA and the facts overlooked by the Court, Plaintiffs do not meet the threshold of Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986) and Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, relied upon by the Court at P. 10 of its Opinion. Accordingly, based on the evidence submitted by BANA, and the lack of evidence produced by Plaintiffs in its Opposition to the Motion for Summary Judgment, the Court is not justified in finding, as it did in its Opinion, that a reasonable or fair-minded jury could return a verdict for Plaintiffs, by a preponderance of the evidence.

### A. A Rational Jury Could Not Find, By a Preponderance of the Evidence, a Violation of the CFA

In their Opposition, Plaintiffs admit the <u>conditional</u> nature of the alleged misleading promise to automatically lower the percentage rate of the 2007 loan after three (3) or (4) months. <u>Arguendo</u> that such a promise had been made, even the Court has recognized, at P.11 of its Opinion, that the alleged promise was dependent upon a condition: "the loan would be refinanced at a lower rate **as long as** Plaintiff Carl D'Argenzio's credit report improved." It is axiomatic that, since the <u>gravamen</u> of the case being fraudulent inducement and there can be no finding of a misrepresentation of a fact or a false promise, all other CFA claims, if any, must fall.

For the reasons stated herein, no fair-minded or reasonable jury, or judge for that matter, could make a finding that Plaintiffs could have prevailed on the evidence before the Court on this Motion. For, in <u>Anderson v. Liberty Lobby, Inc.</u>, <u>supra</u> at 252, relied upon by this Court at P. 10 of its Opinion, it is stated that for the non-movant (plaintiff in that case) to survive a motion for summary judgment it must produce <u>more than</u> a scintilla of evidence, sufficient enough for a reasonable jury or judge to find for the plaintiff by a preponderance of the evidence, which is not present in this case:

> If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict

2

based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. <u>The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-"whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.</u>" (Citation omitted) (Emphasis added)

At P.4 of their Response in Opposition, Plaintiffs rely on a "recorded phone message advising of the refinancing approval <u>only months later in 2008</u>, as support for Plaintiffs' alleged oral inducements by Defendant as to selling of the 2007 loan" (emphasis supplied). Clearly, this evidence from 2008, several months after the loan was closed, has no relevance to any alleged inducement to enter into the 2007 loan. Furthermore, in the last three (3) paragraphs of its legal memorandum, at pp. 4-5, Plaintiffs' attempt to link the 2008 application itself with the CFA claim. Clearly this, too, does not pertain to making of the 2007, but to the 2008 ECOA claim.

Moreover, Plaintiffs tacitly admit at P. 4 in their Opposition that the <u>signed</u> 2007 Mortgage Loan Commitment, in fact, was attached as Exhibit 20 to BANA's Reply papers in support of its motion. As demonstrated in the

3

moving papers on this motion for reconsideration, this revealing document clearly <u>was overlooked</u> by the Court in its deliberation denying BANA's Motion for Summary Judgment, seeking dismissal of the Plaintiffs' CFA claim that they were fraudulently induced by BANA to enter into the 2007 Loan. The Loan Commitment (Exhibit 20 to Declaration of William T. Marshall, Jr.), dated October 23, 2007 and signed by Plaintiffs on October 26, 2007, eleven (11) days before the closing of the subject loan, clearly states, in pertinent part, on its face in paragraph B. 2 at P. 2 of 5:

> 2. Any request for a change to this commitment must be made to Lender in writing. No change in this commitment is valid unless approved by lender in writing.

It further states on Page 5 of 5, at paragraph F (2) and (3):

> 2. This commitment supersedes all previous agreements or commitment letters concerning the mortgage loan requested in your application.
>
> 3. The terms and conditions of this commitment may not be altered by you in any way.

As stated, Plaintiffs also did not dispute that they <u>signed</u> the 2007 Loan Commitment in connection with the November 2007 loan. Nor do Plaintiffs dispute that the November 2007 loan was made for the purpose of their paying off a 2005 Mortgage Loan, and in the process, to pay off other debts and purchase a vehicle for Carl D'Argenzio's business. **(Document #36 – Marshall**

**Decl. ¶¶17-18, Exhs. 10, 15).** There is no evidence of any form of "guaranteed" refinancing. Certainly, there is no language anywhere in the 2007 Loan Commitment executed prior to the closing containing any promise to Plaintiffs of a future loan (or in any other written document for that matter). **(Document #49 – Exhibit 20).** The language of the Loan Commitment itself was clear and unambiguous. Despite this fact, Plaintiffs, through their CFA claim are attempting to have the Court modify the terms of the 2007 Loan Commitment, claiming they were promised something different than they received, relying solely on their testimony.

Plaintiffs also are asking this Court to disregard an admission by Plaintiff Barbara D'Argenzio at her deposition that there was no guarantee by BANA to automatically grant Plaintiffs a lower rate loan after 3 or 4 months. In a telephone conversation noted in BANA's records, Mrs. D'Argenzio revealed to BANA that Plaintiffs had encountered difficulty in making payments soon after the loan closed in 2007 **(Document #36 – Marshall Decl. ¶17, Exh. 10 (BDA Tr. 64))**. BANA's records, made and retained in the normal course of business, reflect that Barbara had informed Defendant in a February 2008 communication that on or before the second payment on the November 2007 loan (the first after the closing date being in January 2008), Plaintiffs <u>were attempting to refinance the November 2007 loan and that she would call BANA back "if" she did not qualify.</u> **(Document #36 – Marshall Decl., Exhs. 13, 16)** (emphasis supplied).

5

This is no surprise because if the Court did review and consider this information it would knock the wind out of the sails of Plaintiffs' CFA claim.

In sum, the evidence submitted by BANA and which the Court overlooked confirm that there was no promise by BANA of, or an expectation by Plaintiffs, of any automatic or guaranteed refinance loan, as alleged. Plaintiffs have not met the minimal burden described by the Anderson Court to withstand a Motion for Summary Judgment, a requirement that the non-moving party produce, at the very least, sufficient evidence (more than a scintilla) to allow a reasonable jury or judge to find by a preponderance of the evidence in favor of the party who bears the burden of proof. By not reviewing and considering the 2007 Loan Commitment attached to the Marshall Reply Decl. in connection with BANA's Motion for Summary Judgment, the Court missed a prime opportunity to address this evidence and find a sheer lack of viability of Plaintiffs' CFA claims set forth in the Complaint, in light of the documents provided by Defendant.

**B.   A Rational Jury Could Not Find, by a Preponderance of the Evidence, a Violation of ECOA**

    **1.   The ECOA Claim Is Barred by the Statute of Limitations**

Plaintiffs do not dispute in their Opposition that the statute of limitations for the ECOA claim is two years under 15 U.S.C. 1691e(f). Instead,

Plaintiffs misconstrue the governing law on the issue of "relation back." To this end, Plaintiffs question BANA's reliance upon the case of Ordille v. U.S., 2007 WL 173775 (3rd Cir. (NJ) 2007), which sets forth, inter alia, the well settled rule that the relation back of amendments is not permitted when the amendment alters the cause of action. The Ordille case is not the only case which sets forth this governing rule.

Our Federal Courts have held that "an amendment that alleges a new cause of action different from that asserted in the original complaint will not relate back to the date of the original complaint but will be governed by its own date with respect to the applicable statute of limitations." See Clemons v. Cutler Ridge Automotive, 2008 WL 879324 at *4 (S.D Fla. 2008), citing Boerkoel v. Hayes Mfg. Corp., 76 F.Supp. 771 (D.C.Mich.1948) (citing Salyers v. United States, 257 F. 255; Manhattan Oil Co. v. Mosby, 72 F.2d 840, certiorari denied 293 U.S. 623, 55 S.Ct. 237, 79 L.Ed. 710; Commissioner of Internal Revenue v. Rieck, 104 F.2d 294, certiorari denied 308 U.S. 602, 60 S.Ct. 138, 84 L.Ed. 504, rehearing denied 310 U.S. 657, 60 S.Ct. 1084, 84 L.Ed. 1421; Lorenzen v. United States, 52 F.2d 106 (8th Cir. (Mo) 1931)). In Clemons, the Court determined that the ECOA claims set forth in the plaintiff's previously filed amended complaint were time-barred by the statute of limitations as a matter of law, and dismissed the ECOA claims in that plaintiff's amended complaint by way of summary judgment. Here, the mere fact that BANA consented to the

amendment of the Plaintiffs' complaint while BANA's summary judgment motion was pending does not change the fact that the ECOA claims are still time-barred. Compare the Original Complaint (Docket #1) to the Amended Complaint (Docket #41). To prevent manifest injustice, in light of the foregoing, Plaintiffs' time-barred ECOA claims should be dismissed with prejudice.

2.  **Plaintiffs Have Not Demonstrated That There Was a Completed Application**

Plaintiffs cannot escape the uncontroverted testimony[1] of Barbara D'Argenzio ("Barbara") wherein Barbara admitted seeing (i.e., receiving) the Notice of Incompleteness pertaining to the July 2008 loan application. **(Docket # 36, Marshall Decl., ¶17(t), Exh. 14).** Thus, there is no disputed issue related to the delivery of this notice. The Notice of Incompleteness specifically identified the documents and/or information which Plaintiffs were required to provide to Defendant, i.e. two months of bank statements, most recent pay stubs, income tax returns for 2006 and 2007, W-2 forms for 2006 and 2007, proof of homeowners insurance, and signed disclosures. **(See Document # 36 - Marshall Decl. ¶17, Exh. 14).** The Notice of Incompleteness, by its terms, confirms that that Bank required this information in order to make a decision on the July 2008 loan

---

[1] Barbara's testimony on this issue was previously cited and attached to BANA's motion for summary judgment as Exhibit 10 to the Declaration of William T. Marshall, Jr.

8

application. **(Docket # 36 – Marshall Decl. ¶17(t), Exh. 14).** Without this information and signed loan application papers, the application was incomplete.

Notwithstanding this, Plaintiffs failed to provide the requested documentation to "complete" the application or produce signed copies of the loan documents, which resulted in the issuance of the Withdrawal Letter. **(Docket # 49 - Marshall Reply Decl. ¶7, Exh. 21).** BANA's business records confirm that the 2008 loan application was withdrawn / cancelled. **(Docket # 36 - Marshall Decl. ¶19(g), Exh. 16).** Plaintiffs failed to dispute this fact with any competent material evidence. Instead, Plaintiffs attack the status of the delivery of the Withdrawal Letter, solely because they have failed to produce during the course of this litigation a single piece of paper to support their mere allegations that they "mailed, scanned, FedExed, e-mailed [and/or] faxed" the information requested by Defendant in the Notice of Incompleteness. **(Document #47 – Opposition Brief pp. 3, 9).** Not a single FedEx receipt, a single e-mail or print-out of what they allege to have scanned, or even a fax confirmation to support their allegations regarding the response to the Notice of Incompleteness, was produced or proffered to the Court. Nor did Plaintiffs produce a copy of a signed 2008 loan application. These are admittedly all items readily available to Plaintiffs and within their custody, possession and/or control, yet **no such items have ever surfaced after more than two years into this litigation and, presumably, none will materialize.**

3. **The Notice of Incompleteness and Withdrawal Letter Complied with the ECOA Statute**

BANA submits that the Notice of Incompleteness and Withdrawal Letter complied with the ECOA requirements. Plaintiffs' opposition wholly omits any substantive discussion of this or ECOA and its related regulations cited by BANA, i.e., 12 C.F.R. 202.9(c)(2), 202.9(e), 15 U.S.C. 1691(d)(6) and 15 U.S.C. 1691e(f). Plaintiffs do not discuss this because it would highlight three crucial points: (1) that Defendant issued the requisite notices – the Notice of Incompleteness and Withdrawal letter – in compliance with ECOA; (2) that, by definition, there was no "adverse action" which occurred under ECOA as the documentary and testimony evidence by BANA confirm the withdrawal of the 2008 loan application. **(Document #49 - Marshall Reply Decl. ¶7, Exh. 21)**; and (3) that Plaintiffs' ECOA claim is time barred as a matter of law.

## CONCLUSION

By reason of the oversights described in these moving papers, it is appropriate and in the interests of justice for this Court to apply the rare remedy of reconsideration and, upon reconsideration, to dismiss the Complaint. The overlooked facts and law brought to the attention of the Court on this motion would alter the disposition of the matter. The evidence presented by Defendant BANA negates the ability of a jury, or this Court for that matter, from concluding

that a reasonable jury could find in favor of the Plaintiffs, as the Court opined at pp. 11, 14, 17 and 18 of its Opinion. This oversight by the Court was clearly prejudicial to BANA's interest, and if not corrected, will result in a costly trial for the parties and the Court. Justice requires that the Opinion be corrected.

Accordingly, BANA respectfully requests that its Motion for Reconsideration of the Order and Decision denying summary judgment be granted; that Plaintiffs ECOA claim be dismissed with prejudice because it is not factually sustainable and is time-barred; and that the CFA claim be dismissed with prejudice.

DATED:   Roseland, New Jersey
         January 9, 2012

          ZEICHNER ELLMAN & KRAUSE LLP
          Attorneys for Defendant Bank of America, N.A.

BY: *[signature]*
    WILLIAM T. MARSHALL, JR. (WM0626)
    KERRY A. DUFFY (KD6480)

#648504v1/WTM/82978.053