ZEICHNER ELLMAN & KRAUSE LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-9100
WILLIAM T. MARSHALL, JR. (WM0626)
PHILIP S. ROSEN (PR0116)
KERRY A. DUFFY (KD6480)
Attorneys for Defendant Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL D'ARGENZIO AND BARBARA D'ARGENZIO,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, f/k/a COUNTRYWIDE BANK, FSB,<br><br>    Defendant. | Civil Action No. 1:09-cv-05604<br><br>Hon. Jerome B. Simandle<br><br>(Joel Schneider, U.S.M.J.) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION BY DEFENDANT BANK OF AMERICA, N.A. FOR
LEAVE TO SUPPLEMENT THE RECORD ON THE MOTION FOR
RECONSIDERATION FILED PURSUANT TO FED. R. CIV. P 60(a) AND
LOCAL CIV. R. 7.1(i) BECAUSE OF NEWLY DISCOVERED EVIDENCE**

On the brief:

William T. Marshall, Jr., Esq.
Kerry A. Duffy, Esq.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

LEGAL ARGUMENT ................................................................................................ 3

POINT I      BANA'S MOTION SHOULD BE GRANTED BECAUSE THE TAX RETURNS, PRODUCED ON JANUARY 13, 2012 BY PLAINTIFFS, CONSTITUTE NEWLY DISCOVERED EVIDENCE WHICH REQUIRE A GRANT OF RECONSIDERATION OF THE ORDER AS IT CONFIRMS THE LACK OF VIABILITY OF PLAINTIFFS' PENDING ECOA AND NJCFA CLAIMS ...................... 3

    A.    Contrary to Plaintiff's assertions there is no ambiguity in CDA's testimony regarding Plaintiffs' income ............................................................................. 4

    B.    Plaintiffs' pending ECOA claims are not sustainable on a Supplemented Record. .......................................... 5

    C.    Plaintiffs' NJCFA claims are not viable. ...................................... 6

CONCLUSION ........................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Database America, Inc. v. Bellsouth Advertising & Publishing Corp.,
    825 F.Supp. 1216 (D.N.J. 1993) ............................................................................3

Panna v. Firstrust Sav. Bank,
    760 F. Supp. 432 (D.N.J. 1991) .............................................................................3

## **PRELIMINARY STATEMENT**[1]

BANA respectfully submits that its motion for leave to supplement the record in connection with its pending motion for reconsideration of the Court's order and decision of November 21, 2011 (the "Order") should be granted. (See Docket ## 56-57)[2]. In response to BANA's motion, Plaintiffs do not object to BANA's request to supplement the Court record with their belatedly produced Tax Returns. (See Docket # 76, p.1).

BANA submits that the Tax Returns and the information set forth therein are critical to the outcome of the case. In response to BANA's motion, Plaintiffs do not dispute in any way that their Adjusted Gross Income for calendar year 2008 was approximately $15,786. (See Docket # 76, p.1). Plaintiffs also do not dispute that the Tax Returns at issue were not made available to BANA until January 13, 2012, more than eight months after BANA's filing of its motion for summary judgment, and more than a month after BANA's the filing of its motion for reconsideration.

Plaintiffs, however, in an attempt obfuscate the Court's view of the Tax Returns and the critical misrepresentations made by CDA at deposition regarding Plaintiffs' income in 2008, have placed a caveat on their "lack of opposition." In response, Plaintiffs seek to supplement the record with bank statements from 2008, however, they fail to attach such statements to their responsive papers. Such statements

---

[1] All capitalized terms used in this Reply Memorandum of Law without definition shall have the same meaning as ascribed in the Memorandum of Law previously filed with the Court.

[2] The identification of the "Docket #" is a reference to the location of the document on the Civil Docket Report for this matter.

1

are of no moment as the 2007 URLA, which Plaintiffs admit signing, confirms that Plaintiffs maintained one bank account with Commerce with a balance of $3,409.90 as of November 6, 2007. (See WTM Supp Decl., Exh. 3). The 2008 URLA submitted in connection with Plaintiffs' request for refinance in 2008 identifies only one bank account at Commerce with a balance in or around July 2008 of $1,500. (See WTM Supp Decl., Exh. 2). BANA submits that even if Plaintiffs did append such bank statements, it would not change the fact that with Plaintiffs' combined income for 2008 of $15,786, which was reported to the Internal Revenue Service, that any of Plaintiffs' efforts to refinance their existing 2007 loan, in the approximate amount of $229,415, were futile.

## LEGAL ARGUMENT

### POINT I

**BANA'S MOTION SHOULD BE GRANTED BECAUSE THE TAX RETURNS, PRODUCED ON JANUARY 13, 2012 BY PLAINTIFFS, CONSTITUTE NEWLY DISCOVERED EVIDENCE WHICH REQUIRE A GRANT OF RECONSIDERATION OF THE ORDER AS IT CONFIRMS THE LACK OF VIABILITY OF PLAINTIFFS' PENDING ECOA AND NJCFA CLAIMS**

Plaintiffs concede that the Tax Returns were <u>not</u> made available, and were <u>not</u> produced to BANA until January 13, 2012. The Tax Returns constitute newly discovered "evidence not previously available [which] has become available." <u>Database America, Inc. v. Bellsouth Advertising & Publishing Corp.</u>, 825 F.Supp. 1216, 1220 (D.N.J. 1993). The Tax Returns confirm that Plaintiffs' effort to refinance the Property was not viable as their income would not support any proposed, preliminary or conditionally approved refinance.

On reconsideration, the Court is well within its authority to review these "new facts or evidence that might lead to a different result if considered by the court." <u>Panna v. Firstrust Sav. Bank</u>, 760 F. Supp. 432, 435 (D.N.J. 1991). Such is the case here as Plaintiffs' diminished income could not sustain any refinance of the existing $229,415 loan on the Property. Accordingly, BANA submits that leave to supplement the record and reconsideration of the Order is wholly appropriate under the circumstances in light of this critical, newly discovered evidence.

A.  **Contrary to Plaintiff's assertions there is no ambiguity in CDA's testimony regarding Plaintiffs' income.**

Plaintiffs cannot escape the blatant misrepresentation made by CDA at deposition regarding his income for 2008, which were brought to light upon a review of the Tax Returns. Specifically, CDA confirmed at deposition that his income for calendar year 2008 was about $5,000 to $10,000 a month, which translates to an annualized income between $60,000 to $120,000. CDA's testimony reflects a figure remarkably different, i.e., grossly overinflated, from what Plaintiffs' actual annual income, i.e., $15,786, was for 2008.

In an effort to distract this Court from the blatant misrepresentations in CDA's testimony, however, Plaintiffs, through counsel, are only now attempting to make an excuse for the substantial difference in CDA's income figures. Plaintiffs, through counsel, claim that CDA misinterpreted the question of Defendants' counsel, a position which is untenable and not supported by CDA's own testimony already set forth in the record. An excerpt of the relevant testimony of CDA is below.

> Q. And you have tax returns from the years 2007 through 2009?
> A. I do.
> Q. Even 2005, going back that far?
> A. We'd have to dig them up.
> Q. Can you --from your recollection, can you tell me your income, your gross income for yourself personally from that business?
> A. Now, currently?
> Q. Well, let's -- let's start with 2007.
> A. 2007, the exact numbers, I -- off the top of my head, I couldn't.
> Q. Can you approximate?
> A. 2007. Monthly, yearly? What are you looking for?
> Q. Yes, monthly is fine.

4

| | |
|---|---|
| A. | Monthly, again, that fluctuates. That ranged anywhere maybe five to ten-plus thousand a month maybe. Again, it depended on the season, of the month. |
| Q. | Okay. So it was seasonal and depends on the economy too? |
| A. | Yeah, pretty much. Everything is a key factor in that. |
| Q. | What about -- what about 2008? |
| A. | Ditto, same thing. |
| Q. | 5-to 10,000 a month? |
| A. | Yeah, everything fluctuates. |
| Q. | Okay. And currently with the economy the way it is? |
| A. | Right now, monthly – I mean, we're actually, I'm just coming into my season, to be honest with you. Maybe – maybe three to five depending. |

(See Supp. Decl. of William T. Marshall, Jr., Exh. 4).

This excerpt of CDA's testimony demonstrates CDA's understanding of the information sought confirming his income during the relevant time period. CDA did not even reference any bank statements. Rather, CDA's testimony reflects his clear understanding of Defendant's inquiry regarding his income for the requisite time period.

**B.   Plaintiffs' pending ECOA claims are not sustainable on a Supplemented Record.[3]**

As noted in BANA's moving papers and as amplified herein, the 2008 Tax Returns render the 2008 URLA void ab initio. The inflated income on the 2008 URLA is wholly inconsistent with Plaintiffs' actual reported income and fraudulent on its face. With such grossly inadequate income any proposed refinance would not be sustainable. That, coupled with the fact that Plaintiffs have not produced any documents to support their allegations in the Complaint of a proposed refinance, strike to the heart

---

[3] BANA submits Plaintiffs ECOA claim is time-barred. (See Docket # 61).

of the validity of such claims. Plaintiffs cannot dispute that they failed to produce a single piece of documentary evidence in their opposition or in discovery, to substantiate their mere allegation that Plaintiffs "mailed, scanned, FedExed, e-mailed [and/or] faxed" the information requested by Defendant in the Notice of Incompleteness. (See Docket # 47 – Opposition Brief pp. 3, 9). This confirms the importance of the Tax Return information which BANA seeks to supplement the record with here on reconsideration.

C.   **Plaintiffs' NJCFA claims are not viable.**

The Tax Returns wholly confirm the significantly depleted income of Plaintiffs at the time they allegedly sought the refinance in 2008. Plaintiffs cannot dispute that they would not have been able to afford monthly payments of $3,000/month or $36,000/year as such payments would have clearly exceeded their adjusted gross income of $15,000/year. Something Plaintiffs wholly ignore in response to BANA's motion.

This is because Plaintiffs cannot avoid the testimony of CDA wherein he acknowledged that only if he did not encounter any problems and if he could afford the $3000 a month payment he might be able to be put into a new loan. (See Docket # 36 - Marshall Decl., Exh. 15 (CDA Tr. 33:16-23). The Tax Returns clearly evidence that Plaintiffs did encounter problems, i.e., a significant drop in earnings.

Plaintiffs' change of circumstances following their entry into the 2007 loan is even acknowledged by BDA. At deposition, BDA admitted that CDA

6

experienced difficulty in making payments soon after the 2007 loan closed. (See Docket # 36 – BDA Tr. 64). The evidentiary record confirms that BDA informed BANA that after two payments on the November 2007 loan, she was attempting to refinance the November 2007 loan and she would call BOA back **"if"** she doesn't qualify. (See Docket # 36 – Marshall Decl., Exhs. 13, 16). The aforementioned testimony when reviewed with the Tax Returns confirms that there was no <u>expectation</u> of any certainty that there would be a guaranteed refinance into a more favorable loan, or that Plaintiffs would even qualify for one. (See Docket # 36 – Marshall Decl., Exh. 13).

## CONCLUSION

By reason of the foregoing, BANA should be granted leave to supplement the record on reconsideration. In addition, for the reasons set forth in the moving and reply papers on reconsideration, the Motion for Reconsideration of the Order and Decision of November 21, 2011, denying Summary Judgment should be granted.

DATED: Roseland, New Jersey
February 10, 2012

ZEICHNER ELLMAN & KRAUSE LLP
Attorneys for Defendant Bank of America, N.A.

BY: *[signature]*
WILLIAM T. MARSHALL, JR. (WM0626)
KERRY A. DUFFY (KD6480)