ZEICHNER ELLMAN & KRAUSE LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-9100
WILLIAM T. MARSHALL, JR. (WM0626)
KERRY A. DUFFY (KD6480)
Attorneys for Defendant Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL D'ARGENZIO AND BARBARA D'ARGENZIO,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, f/k/a COUNTRYWIDE BANK, FSB<br><br>　　　　　　　　　　　　Defendant. | Civil Action No. 1:09-cv-05604<br><br>Hon. Jerome B. Simandle<br><br>(Joel Schneider, U.S.M.J.) |

### DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S DESIGNATION OF WITNESSES

Defendant Bank of America, N.A. ("BANA") moves for leave to file the attached four (4) page reply to Plaintiffs' brief in opposition to Defendant's designation of potential witnesses in the proposed final pretrial order.

The need for the reply is to modify and clarify Defendant's position and to address certain misconceptions which are apparent from statements in Plaintiffs' brief in opposition and which could be misinterpreted by the court. In light of this, Defendant wishes, briefly, to emphasize areas where and/or why certain witnesses

should be allowed to testify, especially Defendant's designated expert, Laura J. Borrelli, and to withdraw the application of certain other witnesses.

Plaintiff also wishes to submit a proposed order to counter the one presented by Plaintiffs.

                                      ZEICHNER ELLMAN & KRAUSE LLP,
                                      Attorneys for Defendant Bank of America, N.A.

DATED: March 14, 2012      BY _____
                                      WILLIAM T. MARSHALL, JR. (WM0626)
                                      KERRY A. DUFFY (KD6480)

ZEICHNER ELLMAN & KRAUSE LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-9100
WILLIAM T. MARSHALL, JR. (WM0626)
KERRY A. DUFFY (KD6480)
Attorneys for Defendant Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL D'ARGENZIO AND BARBARA D'ARGENZIO,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, f/k/a COUNTRYWIDE BANK, FSB<br><br>Defendant. | Civil Action No. 1:09-cv-05604<br><br>Hon. Jerome B. Simandle<br><br>(Joel Schneider, U.S.M.J.) |

### DEFENDANT'S REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO BANK OF AMERICA'S DESIGNATED WITNESSES

Defendant hereby replies to the brief in opposition filed by Plaintiffs to Bank of America's proposed witnesses.

1.  In its opposition papers, Plaintiffs have not claimed or demonstrated any resulting "prejudice" to themselves, whatsoever, should the "late" witnesses be allowed to testify. Plaintiffs stress only that there was a technical non-compliance with the scheduling order.

2.  While the witnesses to which Plaintiffs object were not named specifically in Defendant's voluntary disclosures under Rule 26(a), Defendant did generally make reference to and reserve the right to call witnesses whose names appeared in documents obtained or supplied during discovery. All of the witnesses are derived from documents exchanged or pertain to the production of documents, such as in the case of Robert Cocco.

3.  Brian Broderick was discovered in documents produced by Plaintiffs in April 2011. This was <u>after</u>, <u>not before</u>, the discovery deadline referred to in paragraph 1 of Plaintiffs' opposition brief, Docket No. 29, as their counsel suggests.

4.  Defendant is willing to limit itself two corporate witnesses for the purpose of explaining and interpreting the application, underwriting, and servicing processes pertaining to the December 2005 Countrywide loan made to Plaintiff Barbara D'Argenzio, the November 2007 Countrywide loan made to both Plaintiffs, and the Plaintiffs' July 2008 Application, to the extent relevant to the issues before the court.

5.  Bank of America categorically withdraws its request to call two witnesses: Laura Scurko, Esq., Defendant's counsel in the foreclosure action, on the grounds that Plaintiffs are amenable to stipulate to the authenticity of documents and in view of Plaintiffs' argument that the Court may do so under the principle of judicial notice; and the Bally custodial witness pertaining to the employment and compensation records of Barbara D'Argenzio, except to the extent that it may become necessary to call them for impeachment purposes.

6.  Contrary to Plaintiffs' suggestion in its brief in opposition, Defendant is not, and never has been, seeking to call Robert Cocco as a witness for the

purpose of eliciting privileged testimony, but rather for his knowledge pertaining to the production and lack of production of Plaintiffs' documents to Defendant, together with relevant statements and representations made, which may be necessary for Defendant to request that an adverse inference be drawn, as appropriate. However, if a stipulation, as Plaintiffs' counsel suggests, can be worked out in good faith concerning these facts, Defendant shall decline to call Mr. Cocco as a witness.

7. As to the Plaintiffs' accountants, whose names are not legible on documents produced by Plaintiffs, Defendant has indicated it is willing to forego calling these as witnesses as well, except for impeachment purposes, providing the promised financial and income tax documents are supplied to Defendant's counsel for use at trial, and are deemed to be authentic.

8. Insofar as Laura Borrelli, Defendant's designated expert witness, is concerned, Defendant's counsel has already communicated to the Court that the expert witness is in a position to issue her report within two weeks or less should the court, in its discretion, permit an expert to be called by Defendant on its behalf and for assistance to the Court in its fact finding role. As with the fact witnesses, Plaintiffs have not demonstrated any prejudice which would result. Rather, Plaintiffs merely appear to seek to obtain a strategic advantage based on technicalities rather than on the substantive issues. Furthermore, the expert report could be served as early as March 30, 2012, which is timely both from the standpoint of the submission of the final pretrial order and the anticipated conference with the court.

9. As far as the Amended Complaint is concerned, Plaintiffs do not, and cannot, contend that the Amended Complaint which was filed was the same as the

proposed Amended Complaint filed with the Court in their motion and submitted to Defendant's counsel. Clearly, it was different from the one filed with the Court as part of the motion and in connection with Defendant's willingness to stipulate to same and forego a motion to amend.

WHEREFORE, Defendant requests that the court, in its discretion and in the interest of justice, permit Defendant's designation of witnesses, as modified herein and described above and in Defendant's brief, to be included in the pretrial order and testify at trial.

Respectfully submitted,

ZEICHNER ELLMAN & KRAUSE LLP,
Attorneys for Defendant Bank of America, N.A.

DATED: March 14, 2012        BY: _____
                             WILLIAM T. MARSHALL, JR. (WM0626)
                             KERRY A. DUFFY (KD6480)