IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CARL D'ARGENZIO AND BARBARA
D'ARGENZIO,

             Plaintiffs,

    v.

BANK OF AMERICA CORPORATION
f/k/a COUNTRYWIDE BANK, FSB,

            Defendant.

HON. JEROME B. SIMANDLE

Civil No. 09-5604 (JBS/JS)

**ORDER**

    This matter is before the Court on the motion of Defendant Bank of America Corporation f/k/a Countrywide Bank, FSB ("Defendant" or "Countrywide") for reconsideration of this court's November 21, 2011 order and decision denying Defendant's motion for summary judgment [Docket Item 59]; the Defendant's motion to file a reply [Docket Item 68]; and the Defendant's motion to supplement the record in connection with the motion for reconsideration [Docket Item 73].  For the reasons discussed below, the court will grant all three motions.

    The Defendant seeks to supplement the record for reconsideration because of newly discovered evidence, specifically the 2008 income tax returns of the Plaintiffs which were belatedly produced to the Defendant on January 13, 2012. These tax returns, which were not available to Defendant or the court when deciding the Defendant's motion for summary judgment, are highly relevant.  In particular, these tax returns are

evidence that Plaintiffs' efforts to refinance their 2007 loan were futile, that the Plaintiffs' 2008 application for an FHA loan contained inflated income information and that Plaintiff Carl D'Argenzio was blatantly inconsistent in his deposition testimony.  The Defendant made several requests to the Plaintiffs for production of these tax returns prior to dispositive motion practice to no avail.   Instead, these tax returns were belatedly disclosed nearly two months after the court issued its November 21, 2011 decision and therefore, through no fault of the Defendant, were not available to the court in deciding whether summary judgment was appropriate.  Accordingly, these tax returns constitute newly discovered evidence which is critical to the instant case.  Therefore, the court will grant the Defendant's motion to supplement the record.

Second, the Defendant also seeks leave to file a reply brief in support of its motion for reconsideration.  As a general rule, a party is not permitted to file a reply in support of a motion for reconsideration.  L. Civ. R. 7.1(d)(3).  However, in light of the newly disclosed tax returns and the inconsistencies in the evidentiary record, good cause exists to permit a reply. Therefore, the Defendant's request to file a reply will be granted.  However, such reply should be limited to ten pages in length and must be filed within seven (7) days of the entry of this order.

Finally, the Court turns to Defendant's motion for reconsideration of its November 21, 2011 opinion and order denying their motion for summary judgment.  Local Civil Rule 7.1(i) governs the Court's review of Defendant's motion for reconsideration.   Reconsideration is appropriate when the movant establishes the  availability of new and material evidence that was not available, through no fault of the movant, when the court rendered the judgment in question, or when the court overlooked dispositive factual matters which were brought to the court's attention but not considered. See L. Civ. R. 7.1(I); Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001).  It is apparent that the court overlooked two documents attached in the Defendant's reply certification of William T. Marshall which are relevant to the dispositive issues in the case.  Further, the newly discovered evidence of the Plaintiff's 2008 tax returns warrants reconsideration of whether summary judgment was appropriately denied.  Therefore, the court will grant the Defendant's motion for reconsideration to permit reargument of the underlying summary judgment motion augmented by the new evidence above.

Oral argument has been requested by the Plaintiffs and the court determines that oral argument would be helpful in deciding

whether Defendant's motion for summary judgment was properly denied.  Therefore, the court will hold oral argument on this matter on <u>Friday, April 27, 2012 at 2:30PM in Courtroom 4A</u>.

Accordingly,

IT IS this __**4th**__ day of **April, 2012** hereby

ORDERED the Defendant's motion to supplement the record in connection with the motion for reconsideration is **GRANTED** [Docket Item 73]; and it is

ORDERED that the Defendant's motion to file a reply [Docket Item 68] is **GRANTED** and this reply must be limited to ten (10) pages in length and must be filed no later than seven (7) days after the entry of this order; and it is

ORDERED that the Defendant's motion reconsideration of this court's November 21, 2011 order and decision denying Defendant's motion for summary judgment [Docket Item 59] is **GRANTED** to permit reargument; and it is further

ORDERED that the court will hear oral argument on Friday, April 27, 2012 at 2:30PM in Courtroom 4A to determine whether the Defendant's motion for summary judgment should be granted.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

4